## CHEEVES *vs.* DANIELLY.

1. In order to reach a correct understanding of §3072 of the code, it must be construed with §§3071, 3073, which immediately precede and follow it. If the act complained of, though it might in some degree contribute to the injury, is so small, or of such character, as would not of itself produce the injury, and is of itself an innocent act, and there are other and contingent circumstances which greatly preponderate in producing the injury, then damages cannot be recovered therefor; but if the act complained of produces directly the damage, however small such act may be, then it may be the subject of a recovery. Under the evidence in this case, there was no error in refusing to give in charge §3072 of the code, the court having fairly submitted to the jury to determine whether the injury to the plaintiff's land complained of was or was not

traceable to the act of the defendant in diverting a creek from its ordinary course, and causing it to empty into another creek at a new point, and whether or not the defendant's act reasonably and probably produced the injury; and having further instructed them that, if the damage was caused by beavers, or the washing away of a mill-dam located higher up the stream, or the flowing of sand from adjacent land, there could be no recovery; but that if the act of the defendant caused the injury, or any part of it, if the injury was consequential upon it so that it could be traced to the act complained of, then the defendant was liable for any damage caused thereby.

2. Where a wrongful act puts other forces in operation which are natural, and which the act would reasonably and probably put in action, the party who puts in force the first efficient cause, will be responsible in damages for the injury proved.

3. Without any statute to that effect, every man has a right to protect his land, but he must do so in such a way as not to injure his neighbor, or he will be liable therefor. If one divert a water-course into a different channel, and thereby cause injury to his neighbor, he will be responsible for the damage ensuing therefrom; nor was it the intention of the legislature to relieve him from such responsibility.

4. This case was fairly tried and fairly submitted to the jury, and there was no error in refusing to grant a new trial.

January 20, 1888.

Construction. Damages. Torts. Charge of court. Water-courses. New trial. Before Judge BOYNTON. Monroe superior court. August term, 1886.

Reported in the decision.

BACON & RUTHERFORD, W. D. STONE and T. B. CABANISS, for plaintiff in error.

JOHN I. HALL and ROBT. L. BERNER, *contra*.

BLANDFORD, Justice.

Danielly brought his action against Cheeves to recover damages, for and on account of Cheeves' having turned a portion of a stream of water known as Yellow creek from its natural flow, by digging a ditch from a point just opposite his (Cheeves') land on Yellow creek, to a point on

Tobesofkee or Big creek, just opposite the plaintiff's land, thereby emptying the waters of Yellow creek into Tobesofkee or Big creek, and causing the latter to fill up with sand, or other obstructions, and raising the water of the creek so that the lands of the plaintiff were overflowed, causing him great injury and damage. The jury found a verdict in favor of the plaintiff in the court below. Cheeves moved for a new trial on several grounds; the motion was overruled, and Cheeves excepted.

1. The main ground of error assigned in the motion for a new trial, and the one which was chiefly relied on before us, was that the court refused to give in charge section 3072 of the code, which section is as follows: "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrong-doer." The principles of law announced in this section of the code are very difficult of application to any particular case or given state of facts; and upon the question of their application judges of the same court and of the highest courts of this country have differed. To understand this section, we think it is necessary that it should be construed together with other sections of the code immediately connected therewith. Sections 3071 and 3073 are as follows: "'Direct' damages are such as follow immediately upon the act done. 'Consequential' damages are such as are the necessary and connected effect of the tortious act, though to some extent depending upon other circumstances." "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or material consequences, are too remote and contingent." If the act complained of, though it might in some degree contribute to the injury, is so small or of such character as would not of itself produce the injury, and is of itself an innocent act,

and there are other and contingent circumstances which greatly preponderate in producing the injury, then the damages cannot be recovered. The throwing of a grain of sand into a creek would, to some extent, cause the creek to dam up, but it would not be appreciable; other and contingent circumstances would be so great as to make whatever damage that small act might do merely imaginary or possible. If the act complained of produces directly the damage, however small that damage might be, then it can be the subject of recovery; for wherever there is a wrong there shall be a remedy. If the injury is produced from the act complained of, and can be traced to it directly, immediately, reasonably and probably, then a recovery can be had.

In this case, it appears from the evidence that Yellow creek was turned into Tobesofkee or Big creek opposite to Danielly's land by Cheeves; that it had never flowed into it at that place before, but that a portion of it flowed into it a mile or more below there; that shortly after this creek was turned in at the point opposite Danielly's land, the creek commenced filling up with sand, and overflowed his land; that it had never done so before; that Danielly's land thus became wet, and he was in consequence unable to make any crops upon it and thereby suffered damage. On the other side it was contended that beavers had got to working there, and that a mill-dam had broken above that point, which caused mud and sand to flow in, and that from the clearing of the lands opposite to Danielly's, sand had flowed in and filled up the creek. It may have been true that there were concurrent causes for the overflow of this creek; that the beavers dammed it up to some extent, and that the flowing in of the sand from adjacent land, and the breaking of the mill-dam above contributed in some degree to the injury; but the question was fairly submitted by the court to the jury, and the court left it with them to say whether the injury complained of was or was not traceable to the act of Cheeves,—whether his act rea-

sonably and probably produced the injury or not; and the court further instructed them that if the damage was caused by the beavers, or the washing away of the dam above, or the flowing in of sand from adjacent land, there could be no recovery by the plaintiff; but that if the act of the defendant caused the injury or any part of it,—if the injury was consequential upon it so that it could be traced to the act complained of, then the defendant was liable for any damage caused thereby. We think this is the law of the case; and we think that the court, under the facts of this case, did right to refuse to give in charge to the jury section 3072 of the code without more; because it is very manifest to our minds, from the evidence in the record, that the turning of Yellow creek into Tobesofkee or Big creek at a point opposite the lands of Danielly, caused some of this injury,—that the injury is directly traceable to a portion of it at least.

2. Again, if this act of Cheeves in turning Yellow creek into Tobesofkee creek put other causes in operation, if it started the beavers to work damming up the creek, Cheeves would be liable for the damage thereby resulting. Where a wrongful act puts other forces in operation, which are natural and which the act would reasonably and probably put in motion, the party guilty of the first efficient cause will be responsible in damages for the injury proved. So, if a man sets a house on fire, it is natural and reasonable that air will carry the flames to an adjacent house, and from house to house; and the person who wrongfully or negligently sets the house on fire is responsible for all that naturally, reasonably and legally, follows from his wrongful act, and can be traced thereto. If he puts natural forces in operation which produce injury to another, and which would not have been put in operation but by his wrongful act, he is responsible for it, and ought to be made liable for it.

3. The plaintiff in error insisted that the court erred in refusing to give in charge to the jury a certain statute

Cheeves *vs.* Danielly.

which allows every man to protect his own land.   Every man has a right to protect his land without any statute to that effect, but he must do it in such a way as not to injure his neighbor; if he injures his neighbor he is liable for it, and he can claim no protection from the statute.   In other words, he cannot divert a water-course into a different channel and thereby cause his neighbor damage, without being liable therefor; and we do not understand that the legislature ever intended by this statute that a man should do this without being responsible for damages that might ensue from his act.   He can use his land as he pleases, but must so use it that he will not interfere with his neighbor or his rights.

4. There are other complaints made of the rulings of the court below.   Some of the grounds the court refuses to approve, and we will not consider them; and others, which he does approve, are immaterial.   We have looked at them closely and scrutinized them carefully, and we are satisfied there were no material errors committed by the court.   We think, taking the whole case and all the evidence in the record, that the case was fairly tried; that it was fairly submitted to the jury upon the law applicable to the particular facts of the case, and that the charge was peculiarly applicable to the facts.   While the principle of law laid down in section 3072 of the code is a correct principle abstractly, yet we do not think it is applicable to the facts of this case.   Upon this subject I may not have made myself clear, for the reason that I have found it difficult to understand the statute.   It is an abstract question, and courts have, as stated, widely differed as to its application; but we have given it close study and consideration, and the conclusion reached is the best we have been able to arrive at.

Judgment affirmed.