## ATLANTIC COAST LINE RAILROAD COMPANY *v.* RILEY.

This suit having been brought for the recovery of damages alleged to have been sustained in consequence of the homicide of the plaintiff's husband, and it appearing that at the time of the infliction of the injuries by the running of the defendant company's locomotive, which resulted in his death, the deceased, at night, was a trespasser on the track of the company, not at a public crossing nor at a point at which those in charge of the locomotive had reason to apprehend the presence of any person on the track, and there being no allegation showing that the injuries were wilfully or wantonly inflicted by the defendant's servants, and it appearing from the entire petition that the deceased was killed in consequence of his own gross negligence, no cause of action was set forth, and a general demurrer to the petition should have been sustained.

Submitted July 18, 1906.—Decided February 14, 1907.

Action for damages.    Before Judge O'Steen.    City court of Douglas.    September 1, 1905.

Mollie Riley brought suit against the railroad company to recover damages for the alleged negligent homicide of her husband. The petition alleges, that "on the night of April 15, 1905, about ten thirty o'clock the husband of petitioner entered upon the railroad of the defendant at a point in the town of Kirkland . . . about three hundred yards east of the 93 mile post, and began walking along said track in a westerly direction en route to his home, and when he had reached a point along the way he was traveling, 391 yards west of said mile post, and 187 yards west of the blow-post, and 193 yards east of Willacoochee and Pearson public-road crossing, was run upon and over by an engine of the defendant company, pulling an extra train of freight, running in a westerly direction, . . producing injuries upon said husband of petitioner of which he died on the following day." It was also alleged that at the time the deceased entered upon the track of the defendant, "no regular trains of defendant were scheduled to pass along said track," and that "said freight-train was running along said points aforesaid without ringing any bell, blowing a whistle and having no headlight, so as to warn said deceased of the fact that such extra train was approaching his rear; the noise of said train, occasioned by its movement over the rails of such track, not being heard by said deceased, by reason of the fact that at the time a strong wind was blowing from the west;" and that "the deceased could not, by using ordinary care, have avoided the collision by

which he was killed." By amendment the plaintiff amplified the allegation as to the deceased's freedom from fault. The defendant filed a general and special demurrer to the petition, which the court overruled; and it excepted.

*Kay, Bennet & Conyers* and *Quincey & McDonald,* for plaintiff in error. *Leon A. Wilson* and *Lankford & Dickerson,* contra.

BECK, J. (After stating the facts.)

1. It is unnecessary to pass upon the questions raised by the special demurrers to the petition in this case. The case should have been dismissed upon general demurrer. The plaintiff's husband, at the time he received the fatal injuries, was walking on the track of the defendant railroad company, which had the right, at any hour of the day or night, to use that track, as well for its extra as for its regular trains. When killed, the deceased was a trespasser. He was using the track in a way and for a purpose never intended, and, as far as the pleadings show, without excuse. It does not even appear that there was not a safe, direct, and convenient highway along which the deceased could have traveled. And being a trespasser, the agents and servants of the defendant company owed him no duty, except not to wilfully and wantonly injure him after his presence in the dangerous position was perceived by them. "One who walks upon the track of a railroad, not at a road crossing, is a trespasser thereon, and while the road would be liable for a wanton or wilful wrong of its agents, acting within the scope of their duty.; or for gross negligence or carelessness, evincing reckless disregard of the safety of others; or where they perceive the danger of a party in time, and make no effort to avoid it,—still the company is under no such obligation to a trespasser as to those who are properly and lawfully upon its premises, either for the purpose of transacting legitimate business with it, or in furtherance of rights reserved to them by law." *Central Railroad* v. *Brinson,* 70 *Ga.* 209.

There is no allegation that at the point at which the injury complained of was inflicted the railroad track was used by the public as a walkway, nor were there any circumstances alleged which required the engineer running the defendant's locomotive to anticipate any one being on the track at that point. *Atlanta & Charlotte Ry. Co.* v. *Leach,* 91 *Ga.* 419; *Hambright* v. *W. & A. R. Co.,* 112 *Ga.* 36. In this respect the present case differs from the case

of *Griffin* v. *B. & W. R. Co.,* 113 *Ga.* 642, which is relied upon by counsel for defendant in error as being directly in point. An examination of the record in the latter case discloses that the track upon which the plaintiff in that case was injured was, with the defendant's consent, used by the public as a footway, and little used by the defendant, one witness having testified that there was "hardly any time you couldn't see people walking across that track down there near the place where he was killed." In the present case there is no allegation that the track was used by the public or by any number of persons as a pathway. Under such circumstances it is apparent that the husband of the plaintiff was himself guilty of gross negligence. And although the train which ran over him was an extra freight, the language used by Chief Justice Bleckley in the case of *Central R. Co.* v. *Smith,* 78 *Ga.* 694, is applicable: "The presence of the engine was more to be expected by him than his presence was to be expected by the engineer. He had much less reason to be surprised than the engineer had. As a matter of fact, to walk along in the middle of a railroad track between crossings when it is dark, and without knowing and remembering whether a train is due or not, and without looking out in both directions for trains that may be due, and without listening attentively and anxiously for the roar and rattle of machinery as well as for the sound of bell or whistle, is gross negligence." It is not alleged, in the declaration, that the plaintiff was not in full possession of the faculty of hearing; and surely if it is the duty of one about to cross a railroad track at a public crossing to exercise his faculties of seeing and hearing, the same obligation would rest upon one who, being a trespasser, pursues his way along the track, multiplying, with the lapse of every minute, the chances of receiving an injury from the operation of the trains, which can there rightfully be run at a rate of speed much in excess of that permissible at such crossings. "A person, while grossly negligent himself, has no legal right to count on due diligence by others, but is bound to anticipate that others, like he has done, may fail in diligence, and must guard not only against negligence on their part, which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late." *Central R. Co.* v. *Smith,* 78 *Ga.* 694. See also *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026, in which are re-

viewed and restated many of the rulings touching the duty of the employees operating trains, relatively to trespassers.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*