11132.  NIXON v. WILLIAMS.

STEPHENS, J.  1. Where an act is of a nature calculated to produce a certain injury, the causal connection, if any, between such act and the injury is not necessarily broken by an intervening act which bears a causal relation to the injury. Either the original act or the intervening act may be the legal cause of the injury.

2. Where the plaintiff was driving a horse attached to a buggy, along a public highway, and the horse became frightened by the operation of an approaching automobile of the defendant and fell into a ditch and was injured, the act of a third person in the buggy with the defendant, in grabbing the lines and attempting to control the frightened horse, which pulled the horse into the ditch where he was injured, was not necessarily the legal cause of the injury.

3. Whether the operation of the defendant's automobile in frightening the horse, or the grabbing of the lines by the third person, was the legal cause of the injury to the horse, and whether or not the defendant was negligent, were issues for a jury.

4. The motion for new trial contained only the general grounds. The verdict for the plaintiff, being supported by the evidence and having the approval of the trial judge, will not be disturbed.

Judgment affirmed.  Jenkins, P. J., and Smith, J., concur.

DECIDED AUGUST 13, 1920.

Action for damages; from city court of Carrollton — Judge Beall.  November 3, 1919.

Application for certiorari was denied by the Supreme Court.

S. Holderness, Henry Strickland, for plaintiff in error.

Smith & Smith, contra.