16038.  FULLER *v*. THE STATE.

BROYLES, C. J.   1. The overruling of the demurrer to the accusation was not error.

2. A ground of the amendment to the motion for a new trial complains of the admission, over the defendant's objections, of the following testimony: "It was being run over the public roads that go to Lane's bridge when he first saw them, but when we chased them they turned, and he drove over the public road that leads from Veal's still to Baxley." This ground does not disclose what sort of vehicle was being run over the public roads, or who was driving it. The ground therefore is not complete and understandable within itself, and, under repeated rulings of the Supreme Court and of this court, can not be considered.

3. Under the facts of the case the court did not err in charging, in substance, that, the act of 1921 (Ga. L. 1921, p. 256, sec. 1; Park's Code Supp., vol. 8, § 828 (cc)), it is a criminal offense for a person to operate a motor-vehicle on a public highway of this State during the period between one hour after sunset and one hour before sunrise without having *any* lights burning on the vehicle, whether or not the vehicle was equipped with such lamps as is required by the statute.

4. Upon the trial the evidence amply authorized the jury to find that the accused was operating a motor-vehicle upon a highway of this State during the period of time charged, and that no lights were burning upon the vehicle. There was no evidence that the vehicle was not properly equipped with lamps, and the presumption is that the jury disregarded this charge in the accusation, and that their verdict was founded upon the charge which was sustained by the evidence. See, in this connection, *Hayes* v. *State*, 11 *Ga. App.* 380 (5) (75 S. E. 523). The verdict was authorized by the evidence.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1925.

Accusation of misdemeanor; from city court of Baxley—Judge Speer.   October 6, 1924.

The accusation charged Fuller with having, using, and operating an automobile, "being motor-vehicle," on a described public road "without having said car and motor equipped with two front lamp lights, throwing lights in a reasonable distance in the direction in which the vehicle was proceeding, and without having such lamps and lights burning while such vehicle was in operation upon said highway during the period from one hour after sunset and before one hour before sunrise, contrary to the laws," etc.

On the trial it was testified that on the public road described in the accusation the defendant, after dark and more than an hour after sunset,—between eight and nine o'clock at night,—was driving a motor-vehicle—an automobile—which "had no lights on it—

that is, the lights or lamps were not lighted;" "the car was not lighted;" "it did not have any lights burning."

The defendant, in his statement at the trial, said: "The car had lights and they were lighted; they were not good; they would sometimes go out and would not burn all the time. They were short-circuited, and I could not keep them burning good. Sometimes I would run a considerable distance without them burning at all, and then they would catch up and burn again." Witnesses for the defendant testified to the same effect.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.