16301, 16324. HENSON *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.;* and *vice versa.*

Where one is killed while sitting at night on a railway-track not at a crossing, and there is no allegation in the petition and nothing in the evidence to show that the railway company was guilty of "wilful and wanton" negligence, but the evidence does reveal that the deceased was negligent, and by the exercise of ordinary care could have avoided the consequences to himself of the mere negligence of the railway company, the company is not liable in damages.

DECIDED OCTOBER 6, 1925.

Action for damages; from Warren superior court—Judge Perryman. January 10, 1925.

*L. D. McGregor,* for plaintiff.

*Miles W. Lewis, E. P. & J. Cecil Davis,* for defendants.

BLOODWORTH, J. The evidence shows that a young man twenty years old, and "presumptively chargeable with the same standard of diligence for his own safety as an adult" (*Bugg* v. *Knowles,* 33 *Ga. App.* 710, 127 S. E. 814 (1) ; *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.* 631, 127 S. E. 812), voluntarily sat down upon the rail of a railroad-track near a depot, but not at a crossing of any kind; that he was sitting with his elbows on his knees and his head resting in his hands, and was in this position as the train approached the station, and at the time the whistle sounded the station or a danger signal, and that he "never made any effort to get out of the way until the train got within the length of a rail of him." In *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924), Judge Hines, after citing a number of cases to support the propositions, lays down (p. 316) two general propositions of law: "(1) If a homicide occurs at a place upon the track of a railway company, where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such

circumstances, amounting to the lack of ordinary care for his safety, and where the person killed could by the exercise of ordinary care have avoided the consequences to himself of such negligence of the servants of the company, will prevent a recovery by a plaintiff who sues for such homicide. (2) But if the servants of the company were guilty of wilful and wanton negligence, which resulted in the homicide of the person killed, then the negligence of the person killed, however gross, will not defeat a recovery of damages for such homicide by a plaintiff who is entitled under the law to sue therefor." Under the facts of this case the deceased failed to exercise ordinary care for his safety, and could, by the exercise of such care, have avoided the consequences to himself of the mere negligence of the company. There is no allegation in the petition that the defendant was guilty of "wilful and wanton" negligence, and nothing in the evidence to show this. The court properly granted a nonsuit. *Lowe* v. *Payne,* 31 *Ga. App.* 388 (120 S. E. 691); *Gulf Line Ry. Co.* v. *Way,* 137 *Ga.* 109 (72 S. E. 917); *Atlantic Coast Line R. Co.* v. *Riley,* 127 *Ga.* 566 (56 S. E. 635); *Atlantic Coast Line R. Co.* v. *Fulford,* and *Bugg* v. *Knowles,* supra.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*