### LETTON *v.* KITCHEN *et al.*

1. Causal relation is generally a question of fact, and is always one for determination by a jury, except where the facts are such that they will support only the reasonable inference that the negligence charged did not appreciably contribute to the injury complained of.

2. Where the driver of a truck which was being driven along a street in the City of Atlanta was approaching the intersection of another street, and upon reaching such intersecting street turned to the right into it without giving a signal required by a valid ordinance of the city; and where at the same time a driver of an automobile, which was following the truck, in violation of a valid city ordinance attempted to pass and was passing on the right-hand side of the truck at the time the driver of the truck turned the same to the right into the intersecting street, whereby the driver of the automobile was prevented from passing the truck and was forced to swerve onto the sidewalk to prevent a crash with the truck, and where a child in a baby-carriage on the sidewalk was struck and injured by the automobile being driven onto the sidewalk, in an action brought by the child against the owner of the truck and the driver of the automobile, to recover damages for injuries so sustained, the question whether the negligence of the driver of the truck was a proximate cause of such injuries, or whether the negligence of the driver of the truck appreciably contributed to the injuries, is one of fact to be determined by the jury trying the case; and it can not, as a matter of law, be held that such negligence was or was not the proximate cause of the injuries sustained by the child.

No. 6179. MARCH 14, 1928.

Certiorari; from Court of Appeals. 37 *Ga. App.* 111.

*Slaton & Hopkins,* for plaintiff in error.

*Harwell, Fairman & Barrett, A. C. Corbett,* and *David J. Meyerhardt,* contra.

HINES, J. Charlotte Louise Kitchen, by her father as next friend, brought suit against W. H. Letton, W. W. Daniel, and Mrs. W. W. Daniel, for the recovery of damages for personal injuries. In her petition she makes this case. She was an infant

Motor Vehicles, 42 C. J. p. 1252, n. 19.
Negligence, 29 Cyc. p. 639, n. 4.

of seven months at the time she was run over and hurt. When injured she was in a baby-carriage which was being pushed by a nurse on the sidewalk of Gordon street. She was injured at the intersection of Gordon and Queen streets in the City of Atlanta. A truck of W. H. Letton, driven by his servant, and an automobile driven by Mrs. Daniel, were being driven east along Gordon street. Mrs. Daniel, whose automobile was following the truck, attempted to pass the truck on the right, at or near the intersection of these two streets. At the same time Letton's truck turned to the right, attempting to turn from Gordon street into Queen street. Mrs. Daniel then swerved and ran her automobile upon the sidewalk of Gordon street, and struck and severely injured petitioner as she was then being pushed in her carriage by her nurse along this sidewalk. Mrs. Daniel was crowded or forced upon the sidewalk by the attempt of the driver of the truck to turn from Gordon street into Queen street. The truck was being driven at a speed of twenty-five miles per hour, in violation of an ordinance of the City of Atlanta, which prohibited the driving of a truck at a speed greater than fifteen miles per hour. The driver of the truck, before attempting to make a right turn from Gordon street into Queen street, did not extend his arm at an angle above the horizontal, as is required by an ordinance of said city; he did not have his truck under control; and he approached the intersection of these two streets at a speed greater than ten miles per hour. Petitioner alleges that these acts of negligence contributed to and were the proximate cause of the injuries sustained by her.

Mrs. Daniel was driving her automobile at a speed of thirty miles per hour, in violation of a city ordinance which prohibited an automobile being driven at a rate of speed greater than twenty-five miles per hour. At the time of the injury she was attempting to pass the truck at the right, which was in violation of a city ordinance requiring trucks and automobiles to pass each other on the left. She failed to give audible warning to the driver of the truck of her intention to pass it, in violation of a city ordinance which requires that the driver of a vehicle overtaking another one going in the same direction, shall give, before passing, audible warning to the driver of the latter of the intention of the former to pass. She further undertook to pass this truck while it was crossing an intersecting street, without being directed so to do by a

police officer or an operator of a street-car when such car was standing still, in violation of an ordinance prohibiting a vehicle from passing an overtaken vehicle at an intersecting street, without such direction. She was running said automobile at a negligent rate of speed at the time and place and under the circumstances attending such injury, and in driving said automobile upon the sidewalk. These acts of negligence of Mrs. Daniel are alleged to have contributed to and to have been the proximate cause of the injuries to the plaintiff.

Letton demurred to the petition, upon the ground that the acts of negligence charged to his servant in driving his truck were not the proximate cause of the injuries sustained by this child. The trial court overruled his demurrer, and this judgment was affirmed by the Court of Appeals. *Letton* v. *Kitchen,* 37 *Ga. App.* 111 (139 S. E. 155). The case is in this court upon certiorari to review this judgment of the Court of Appeals.

Both defendants were guilty of negligence per se. Mrs. Daniel was driving her automobile at a speed of thirty miles per hour, in violation of a city ordinance which prohibited such speed. She was attempting to pass the truck on the right side, which was a violation of a city ordinance requiring trucks and automobiles to pass each other on the left. She failed to give warning of her intention to pass the truck, in violation of a city ordinance which provides that a vehicle overtaking another vehicle going in the same direction shall first give audible warning. She further undertook to pass the truck while it was crossing an intersecting street, without being directed to do so by a police officer or by the operator of a street-car when standing still, in violation of a city ordinance. Thus she was negligent per se in these several particulars. The petition further alleges that she was negligent in driving her automobile upon the sidewalk, whereby petitioner was struck, run over, and seriously injured. Clearly, under these allegations of the petition, which must be taken to be true upon demurrer, petitioner was injured by the negligence of the driver of the automobile.

The driver of the truck also was negligent per se. The truck was being driven at a speed of twenty-five miles per hour, in violation of an ordinance of the City of Atlanta which prohibited the driving of a truck at a speed greater than fifteen miles per hour.

The driver of the truck, before attempting to make a right turn from Gordon street into Queen street, did not extend his arm at an angle above the horizontal, as is required by an ordinance of the city, and thus he was negligent per se. The petition further alleges that the driver of the truck was negligent because he did not have it under control, and because he approached the intersection of these streets at a speed greater than ten miles per hour, in violation of a State statute regulating the operation of automobiles upon public highways. Were all or any of these acts of negligence the proximate cause of the injury sustained by the infant petitioner? We do not think the fact that the truck was being driven in violation of the speed ordinance was the proximate cause of the injury sustained by petitioner. The truck was traveling ahead of the automobile, and the faster it traveled the more was the danger of a crash between it and the automobile decreased, and the necessity for the driver of the automobile to swerve from the street onto the sidewalk was likewise lessened. We do not think that the failure of the driver to have his truck under control was the proximate cause of the injury sustained by petitioner. This lack of control in no way contributed to her injuries. In *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671), the majority of the court held that the provisions of the act of August 15, 1921 (Ga. L. 1921, p. 255), relating to the speed of motor-vehicles upon approaching or traversing intersecting highways, do not apply to intersecting streets of a city. So the approach of the truck to the intersecting street at a greater speed than ten miles per hour can not be held to be negligence per se; but conceding that the jury might find that the rate of speed at which the truck approached this intersection was negligent, we do not think that such negligence was the proximate cause of the injury to plaintiff. It tended rather to lessen the dangers of such injury, as we have pointed out above.

We come then to consider the only other act of negligence charged to the driver of the truck, and that is, that he failed to give the proper signal of his intention to make a right turn into the intersecting street. Was his failure to give this signal the proximate cause of the injury sustained by this child, or did such failure appreciably contribute to its injuries? Can we say as a matter of law that this negligence of the driver of the truck did

not appreciably contribute to the injuries of the plaintiff, and therefore was not the proximate cause of these injuries; or should the question of proximate cause, if the allegations of the petition are proved, be left to the jury? In answering this question it must be borne in mind that the proximate cause of an injury is not necessarily the sole cause. There may be plural causes. *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442). Where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either or both of the responsible parties. *Georgia Ry. &c. Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713). Where one suffers injuries as the result of the concurrent negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to support a recovery in a joint suit if the negligence of both be a contributing cause of the injuries. *Gooch* v. *Georgia Marble Co.,* 151 *Ga.* 462 (107 S. E. 47). Again, it must be borne in mind that generally the question of what is the proximate cause of an injury, like the question of what is negligence, is a question for the jury. *Perry* v. *Macon &c. R. Co.,* 101 *Ga.* 400, 407 (29 S. E. 304); *Central of Ga. Ry. Co.* v. *Tribble,* 112 *Ga.* 863 (38 S. E. 356); *Georgia Ry. &c. Co.* v. *Norris,* 135 *Ga.* 838 (70 S. E. 793); *Logan* v. *Hope,* 139 *Ga.* 589 (77 S. E. 809); *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 535 (96 S. E. 573); *Georgia Ry. &c. Co.* v. *Ryan,* supra.

Causal relation is one of fact; and it is always one for determination by a jury, except when the facts are such that they will support only one reasonable inference. Green's Proximate Cause, 132. There must be no reasonable ground for two opinions. Properly construed, the petition alleges that the driver of the truck was approaching an intersecting street at an unlawful rate of speed; that at the same time the driver of the automobile was attempting to pass the truck; that the driver of the truck had not given the required signal of his intention to make the right turn into the intersecting street which he was approaching; that while the driver of the automobile was thus attempting to pass the truck, the driver of the latter turned to the right to enter the intersecting street; and that the driver of the automobile, being thus prevented from passing the truck, in order to escape a crash with the truck was

forced to swerve from the street onto the sidewalk, when the automobile ran over and injured plaintiff. In other words, the wrongful act of the driver of the truck, in making this turn without, giving the required signal at the proper time and place, put the driver of the automobile in a place of peril, from which she was thus forced to escape by swerving from the street onto the sidewalk. "If one person wrongfully places another in a position of peril, whereby the latter makes a natural and reasonable effort to escape the threatened danger, the former is responsible for the consequences of such effort, precisely as if he had immediately caused them." *Western & Atlantic R. Co.* v. *Bryant,* 123 *Ga.* 77, 82 (51 S. E. 20). In these circumstances it can not be held as a matter of law that the negligence of the driver of the truck did not appreciably contribute to the injuries sustained by the plaintiff. On the contrary we can not hold as a matter of law that the negligence of the driver of the truck appreciably contributed to these injuries. Under the allegations of the petition, it is a question of fact whether his negligence did appreciably contribute to these injuries; and this question must be answered by the jury, if the allegations of the petition upon this subject are sustained by the evidence.

It is urged by able counsel for the owner of the truck that the allegations of the petition do not allege with sufficient legal certainty that the negligence of the driver of the truck was the proximate cause of the injury sustained by petitioner. In view of what is said above, we do not think that this contention is well founded. It is further insisted that the petition does not show that the negligence of the driver of the truck was the proximate cause of the injury, in the absence of an allegation that, had the driver of the truck given the required signal, the driver of the automobile would not have swerved onto the sidewalk, or would have acted any way differently from the way in which she did act. Fairly construed, as stated above, the allegations of the petition show that the driver of the automobile was put in a position of peril into which she would not have gotten if the driver of the truck had given, at the proper time and place, a signal of his intention to make this right turn, and had not, in the absence of such warning, undertaken to make this turn.

Again it is urged that every person has the right to presume

that every other person will obey the law, and that, in the absence
of reasonable ground to think otherwise, the driver of the truck
could not reasonably have anticipated injury to the plaintiff grow-
ing out of the negligence of the driver of the automobile in at-
tempting to pass on the right side of the truck, in violation of the
municipal law. 29 Cyc. 516. This principle can be invoked by
only the law-abiding and the prudent. A person who is breaking
the law himself has no · right to count upon its observance by
others. "A person, while grossly negligent himself, has no legal
right to count on due diligence by others, but is bound to anticipate
that others, like he has done, may fail in diligence, and must
guard not only against negligence on their part, which he might
discover in time to avoid the consequences, but also against the
ordinary danger of there being negligence which he might not dis-
cover until too late." *Central Railroad &c. Co.* v. *Smith,* 78 *Ga.*
694, 700 (3 S. E. 397); *Atlantic &c. R. Co.* v. *Riley,* 127 *Ga.* 566,
568 (56 S. E. 635); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (8)
(118 S. E. 488).

The alleged negligence of the driver of the truck being negligence
per se, we can not hold, under the allegations of the petition, that
this ngligence did not appreciably contribute to the injuries of the
plaintiff. We can not hold as a matter of law that it did. This is
a question for the jury. Upon proof of this negligence and the
injuries to the plaintiff, the jury must answer this question: Under
all the evidence and circumstances in proof, did this negligence
appreciably contribute to the injuries of the petitioner? So we
are of the opinion that the judgment of the Court of Appeals
should be

*Affirmed. All the Justices concur, except Atkinson and Gilbert,
JJ., who dissent.* ·

GILBERT, J., dissenting. I concur in much of the reasoning con-
tained in the opinion rendered, and in most of the general principles
of law stated. My dissent is from the application made to the
facts of this case, and what appears to be a misconstruction of
some of the authorities cited. It is well settled by precedent that
generally it is a jury question whether proved facts constitute
negligence, or proximate cause of an injury. On demurrer to a
petition, as in this case, where the alleged facts permit only one rea-
sonable inference or conclusion, the court must decide the question

as one of law.  To my mind the courts have gone too far in submitting to juries questions which, from lack of legal training, they are utterly unable to solve with any degree of justice.  Such practice has gradually encroached further and further upon the province of the court.  Judges, trained in law, are alone able to approach such questions with a degree of capability.  The lay mind, when charged with such a duty, is utterly at sea.

I am of the opinion that as a matter of law the negligence per se of the truck-driver was not the proximate cause of the injury to the plaintiff.  Therefore the demurrer to the petition as to the owner of the truck should have been sustained.  Bouvier defines proximate cause thus:  "The direct and not the remote cause is considered.  In many cases important questions arise as to which, in the chain of acts tending to the production of a given state of things, is to be considered the responsible cause.  It is not merely distance of place or of causation that renders a cause remote.  The cause nearest in the order of causation, without any efficient concurring cause to produce the result, may be considered the direct cause.  In the course of decisions of cases in which it is necessary to determine which of several causes is so far responsible for the happening of the act or injury complained of, what is known as the doctrine of proximate cause is constantly resorted to in order to ascertain whether the act, omission, or negligence of the person whom it is sought to hold liable was in law and in fact responsible for the result which is the foundation of the action.  The rule was formulated by Bacon, and his comment on it is often cited: 'It were infinite for the law to judge the cause of causes, and their impulsions one of another; therefore it contenteth itself with the immediate cause; and judgeth of acts by that, without looking to any further degree.'  Max. Reg. 1.  Its subsequent development has resulted rather in its application to new conditions than in deviation from the principle as originally stated.  Proximate cause, it may be generally stated, is such adequate and efficient cause as, in the natural order of events, and under the particular circumstances surrounding the case, would necessarily produce the event; and this, having been discovered, is to be deemed the true cause, unless some new cause not incidental to, but independent of, the first, shall be found to intervene between it and the first."  Many authorities are cited, so numerous that it would seem pref-

erable to refer the reader to the author quoted. I Bouvier's L. D. (Rawle's 3d Rev.) 432. I am aware that definitions of proximate cause and other terms, such as "causal relation," etc., will afford little aid in solving such problems. Judicial literature on the subject, not to mention text-writers, constitutes a large and varied field. I shall therefore look merely to former decisions by this court, referring to other authorities only briefly.

The subject was elaborately and learnedly discussed by Mr. Justice Cobb in *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). An excellent and concise statement of the rule is found in the first headnote: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." Measured by this rule, the negligence of the truck-driver could not have been the proximate cause of the injury. The intervening cause was the negligence of the automobile-driver. But for the negligence of the automobile-driver, the immediate and direct cause, the injury would not have occurred. The intervening act of the automobile-driver broke the connection, if there was any, between the original act of negligence and the subsequent injury, because the probable and natural consequences of the intervening act could not reasonably have been anticipated. The causal connection was therefore broken. One author uses the distinction that "proximate cause is probable cause: remote cause is improbable cause." Thompson on Negligence (White's Supp.), 20, § 50. This leads to the principle announced by this court, deduced both from statutes and decisions, that the breach of duty by the plaintiff to the defendant must be the natural and proximate cause of the damage. Where the defendant owed no duty to the injured person, no liability can attach, even conceding that the defendant was negligent. Indeed,

if the defendant was not negligent, there could be no case, and no question for determination as to "proximate cause."

Conceding the truck-driver to have been negligent per se in the present case, by reason of failure to extend the left arm in the manner to indicate his intention to turn to the right at the intersection, still no liability would attach unless the defendant was guilty of a breach of duty to the petitioner. The duty to extend the left arm as imposed by the municipal ordinance was obviously for the benefit of other persons traveling in the street in the rear of and going in the same direction as such driver. Extending the arm is to give notice to those traveling in the same direction; and if the duty imposed by the ordinance had been observed by the truck-driver, the driver of the automobile would have been saved from injury which might have occurred by reason of the automobile running into the rear end of the truck. But that is not what happened; the automobile did not run into the truck. The driver of the automobile violated another municipal ordinance which prohibited passing on the right side of a vehicle in front. This was negligence per se on the part of the driver of the automobile. It would appear that by attempting to pass on the right side the automobile-driver rendered it physically impossible for her to see the truck-driver's arm on the left side, even if it were extended. It also follows from the action of the automobile-driver that she was not governing herself by whether or not the truck-driver extended his arm. She elected to forge ahead on the wrong side, and suddenly finding that her way was blocked, she elected to turn onto the sidewalk, and the injury to petitioner followed. It seems to me that there can be only one conclusion or inference as to whether the truck-driver could have reasonably anticipated that the automobile-driver would attempt to pass on the right side, with the resultant damages to petitioner. It must be assumed from the allegations that the truck-driver would anticipate that the automobile-driver would proceed as the law directed. Our Civil Code prescribes when damages may be recovered, as follows: "§ 4508. 'Direct' damages are such as follow immediately upon the act done. 'Consequental' damages are such as are the necessary and connected effect of the tortious act, though to some extent depending upon other circumstances. § 4509. If the damages are only the imaginary or possible result of the tortious act, or other

and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer. § 4510. Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or material consequence, are too remote and contingent." These sections must be construed together; and so construed, as shown by the decisions of this court, they seem to me to require the conclusion above stated. *Cheeves* v. *Danielly,* 80 *Ga.* 114 (4 S. E. 902); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Central Ry. Co.* v. *Price,* 106 *Ga.* 176 (32 S. E. 77, 43 L. R. A. 402, 71 Am. St. R. 246); *Southern Ry. Co.* v. *Webb,* supra, and cit. In *Perry* v. *Macon &c. R. Co.,* 101 *Ga.* at pp. 407, 409 (supra), this court said: "In the management and operation of its line of railroad and cars in the streets of the City of Macon, the law imposed upon the defendant the duty of exercising ordinary care and diligence to avoid injury to pedestrians and travelers generally upon such streets, as well as to their property. Actionable negligence arises essentially from (1) a legal duty; (2) a breach of duty by failure to observe due care; and (3) such breach proximately causing damage. The question as to whether a legal duty existed to the party injured is one of law, and therefore for the court to pass upon. Whether there has been a breach of that duty, and whether it proximately caused damage to the plaintiff, are questions which depend upon circumstances, and therefore are usually to be determined by the jury. . . In Shear. & Red. on Neg. § 56, the rule is stated to be, that 'when the facts are clearly settled, and the course which common prudence dictated can be clearly discerned, the court should decide the question as a matter of law,' citing Beisiegel *v.* New York Central R. Co., 40 N. Y. 9; Stubley *v.* N. W. R. Co., L. R. 1 Exch. 13; Crafton *v.* Metropolitan R. Co., L. R. 1 C. P. 300."

In the majority opinion in this case the following is quoted from *Western &c. R. Co.* v. *Bryant, 123 Ga.* 77, 82 (supra): "If one person wrongfully places another in a position of peril, whereby the latter makes a natural and reasonable effort to escape the threatened danger, the former is responsible for the consequences of such effort, precisely as if he had immediately caused them." This principle does not appear to me to have any bear-

ing upon the present case. The principle there ruled was applied to a situation where one person *"wrongfully placed another* in a position of peril" (italics mine). In the present case it can not be said that the truck-driver had anything whatever to do with the decision of the automobile-driver to pass on the right side of the truck. The action of the automobile-driver was absolutely independent of anything done or set in motion by the truck-driver. To my mind it follows from what is said above that the decision of this case should be controlled by the principle established by this court, that, notwithstanding negligence, the defendant will not be held liable to an injured person where there has been no breach of duty to the injured person by the defendant.

Mr. Justice Atkinson concurs in this dissent.