## WATSON, administratrix, v. GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY.

No. 5938. FEBRUARY 15, 1929.

*John R. L. Smith, Joseph LeConte Smith* and *O. L. Clements,* for plaintiff.

*J. E. Hall* and *C. J. Bloch,* for defendant.

BECK, P. J. After careful consideration of the questions presented in this case and the reasoning in the opinion of the Court of Appeals, as well as the authorities cited in that opinion, we are satisfied that that court reached a correct conclusion, and that its judgment affirming the judgment of the trial court ought not to be reversed. *Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and HINES, J., dissenting. Causal relation is generally a question of fact, and is always one for determination by a jury except where the facts are such that they will support only

the reasonable inference that the negligence charged did not appreciably contribute to the injury complained of. *Letton* v. *Kitchen*, 166 *Ga.* 121 (142 S. E. 658). If the railroad company had complied with the rule of the Interstate Commerce Commission, the jury would have been authorized to find that the employee would not have been put to the necessity of performing the act which was required of him by a rule of the company, and in the doing of which he was killed. In these circumstances we can not hold, as a matter of law, that the negligence of the company in failing to comply with the rule of the Interstate Commerce Commission did not appreciably contribute to the death of the deceased. If the company had complied with that rule, the jury might have found that the deceased would not have been killed. It follows that the jury could have found that the negligence of the company in this respect contributed to some extent in bringing about his death. It can not properly be held, as a matter of law, that the violation of this rule by the company was a mere incidental condition or situation in a drama in which the deceased caused his own death in the performance of an obviously dangerous feat. Section 3 of the Federal employers' liability act establishes a system of comparative negligence and diminution of damages by reason of the employee's contributory negligence; but the proviso to that section expressly provides that contributory negligence does not operate to diminish the recovery, if the injury was occasioned in part by the failure of the carrier to comply with the safety appliance acts. Grand Trunk Western R. Co. *v.* Lindsay, 233 U. S. 42 (34 Sup. Ct. 581, 58 L. ed. 838, Ann. Cas. 1914C, 168). The plaintiff's right to recover is predicated upon the theory that a violation of the rule of the Interstate Commerce Commission caused the employee to place himself in a place of danger, in the doing of which he was acting under a rule of the carrier, and in consequence of which he was injured. In these circumstances it was for the jury to decide whether there was a sufficient causal connection between the violation of the rule and the death of the deceased to authorize a recovery. Chicago R. Co. *v.* Schendel, 267 U. S. 287 (45 Sup. Ct. 303). To hold otherwise would put us in the place of the jury, as the majority have done in reaching the conclusion announced in their opinion. For these reasons we feel constrained to dissent from the opinion of the majority.