## 22279. ADAMS v. JACKSON.

SUTTON, J. 1. Where the automobile in which plaintiff's son was riding along a public highway was being driven at an excessive rate of speed down hill on a winding road and around a curve on a dark night, and collided with a truck parked on the side of the road, with about four feet of the truck projecting into the highway and with no rear light burning, which was visible for one hundred feet to any one approaching from the rear, killing the plaintiff's son, the act of the driver of the automobile in so driving was not necessarily the proximate cause of the death. *Nixon* v. *Williams*, 25 *Ga. App.* 594 (103 S. E. 880); *City Council of Augusta* v. *Hudson*, 94 *Ga.* 135; *Letton* v. *Kitchen*, 166 *Ga.* 121 (2), 125 (142 S. E. 658). Failure to display a proper tail light on a motor-vehicle parked along a public highway on a dark night is negligence per se, and where it is the proximate cause of an injury, the owner of the vehicle is liable therefor. 42 C. J. 1014, § 746; *Murphy* v. *Hawthorne*, 117 Or. 319, 322 (244 Pac. 79, 44 A. L. R. 1397); Ga. L. 1927, p. 235; *Sheppard* v. *Johnson*, 11 *Ga. App.* 280 (75 S. E. 348); *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (123 S. E. 757); *Fuller* v. *State*, 33 *Ga. App.* 372 (126 S. E. 302).

2. It is a well settled principle of law that where concurrent causes operate directly in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause; for if all acts of negligence contributed directly and concurrently in bringing about the injury, they together constitute the proximate cause. *Barrett* v. *Savannah*, 9 *Ga. App.* 642 (72 S. E. 49); *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573); *Georgia Ry. &c. Co.* v. *Ryan*, 24 *Ga. App.* 288 (100 S. E. 713); *Spencer* v. *Peace*, 42 *Ga. App.* 516 (2) (156 S. E. 729).

3. What is the proximate cause of an injury is generally a question of fact, and is therefore one for determination by a jury, except where the facts are such that they will support only the reasonable inference that the negligence charged did not appreciably contribute to the injury complained of. *Georgia Ry. &c. Co.* v. *Ryan*, and *Letton* v. *Kitchen*, supra.

4. The court did not err in overruling the general demurrer of the defendant Adams, since it was properly a question for the jury, to be determined from the evidence, whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of all of them, or the separate acts of either of them, constituted the proximate cause of the injury.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 28, 1932.

*McDaniel, Neely & Marshall,* for plaintiff in error.

*White, Poole, Pearce & Gershon, George & John L. Westmoreland, H. R. Lee,* contra.