31434. TALLMAN *v.* GREEN *et al.*

DECIDED JANUARY 30, 1947.

*E. Harold Sheats, Andrews & Nall,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, Dunaway, Riley & Howard, Joe H. Brewer,* for defendants.

BROYLES, C. J. (After stating the foregoing facts.) Counsel for Green and Lane state in their brief that the sustaining of the general demurrers was not based "upon the theory that there can be but one proximate cause of an injury, nor on the theory that the negligence of the host [Lunsford] was attributable to the guest [Tallman], but on the theory that, as a matter of law, the act of negligence of defendant Lunsford was the superseding cause of the injury [sued for], beyond which the court will not look to determine liability." In *Adams* v. *Jackson,* 45 *Ga. App.* 860 (166 S. E. 258), where the facts are almost similar to those of the instant case, the headnotes read as follows:

"1. Where the automobile in which plaintiff's son was riding along a public highway was being driven at an excessive rate of speed down hill on a winding road and around a curve on a dark night, and collided with a truck parked on the side of the road, with about four feet of the truck projecting into the highway and

with no rear light burning, which was visible for one hundred feet to any one approaching from the rear, killing the plaintiff's son, the act of the driver of the automobile in so driving was not necessarily the proximate cause of the death. *Nixon* v. *Williams,* 25 *Ga. App.* 594 (103 S. E. 880); *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (21 S. E. 289); *Letton* v. *Kitchen,* 166 *Ga.* 121 (2) (142 S. E. 658). Failure to display a proper tail light on a motor-vehicle parked along a public highway on a dark night is negligence per se, and where it is the proximate cause of an injury, the owner of the vehicle is liable therefor. 42 C. J. 1014, § 746; Murphy *v.* Hawthorne, 117 Ore. 319, 322 (244 Pac. 79, 44 A. L. R. 1397); Ga. L. 1927, p. 235; *Sheppard* v. *Johnson,* 11 *Ga. App.* 280 (75 S. E. 348); *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (123 S. E. 757); *Fuller* v. *State,* 33 *Ga. App.* 372 (126 S. E. 302).

"2. It is a well settled principle of law that where concurrent causes operate directly in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause; for if all acts of negligence contributed directly and concurrently in bringing about the injury, they together constitute the proximate cause. *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532 (96 S. E. 573); *Georgia Ry. &c. Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713); *Spencer* v. *Peace,* 42 *Ga. App.* 516 (2) (156 S. E. 729).

"3. What is the proximate cause of an injury is generally a question of fact, and is therefore one for determination by a jury, except where the facts are such that they will support only the reasonable inference that the negligence charged did not appreciably contribute to the injury complained of. *Georgia Ry. &c. Co.* v. *Ryan,* and *Letton* v. *Kitchen,* supra.

"4. The court did not err in overruling the general demurrer of the defendant Adams, since it was properly a question for the jury, to be determined from the evidence, whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of all of them, or the separate acts of either of them, constituted the proximate cause of the injury."

See also *Callahan* v. *Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d, 592) ; *Brady* v. *Fruehauf Trailer Co.*, 63 *Ga. App.* 50 (10 S. E. 2d, 133).

The cases cited in behalf of the defendants in error are distinguished by their facts from the instant case.

It does not appear, from the facts stated in the petition, that, as a matter of law, the negligent acts of Lunsford in operating his automobile were the sole proximate cause of the plaintiff's injuries, and the question as to whether his negligence was the sole proximate cause should have been submitted to the jury. The jury should also have been permitted to determine from the evidence whether the concurrent acts of negligence of the three defendants, or whether the separate acts of negligence of either of them, constituted the proximate cause of the injuries sued for.

It follows that the sustaining of the general demurrers interposed to the petition by Green and Lane was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*