31738. REDDIEN *v.* C. M. S. REALTY CO. *et al.*

DECIDED OCTOBER 24, 1947.

*Roland Melody, Durwood T. Pye,* for plaintiff.

*Neely, Marshall & Greene, Smith, Partridge, Field & Doremus, W. Neal Baird,* for defendants.

PARKER, J. George W. Reddien sued C. M. S. Realty Company, as the owner of a certain building, and W. & A. Manufacturing Company, as the tenant in possession of the premises, for damages from injuries sustained when he fell from a ramp maintained by the defendants as a part of said building, and used as an exit from the second floor rear to the ground. C. M. S. Realty Company demurred generally and specially to the petition of the plain-

tiff. The trial court did not pass on the special demurrer, but sustained the general demurrer and dismissed the action as to C. M. S. Realty Company. The plaintiff assigns error on that ruling.

The petition alleged that the realty company was negligent "in maintaining and leasing to W. & A. Manufacturing Company said building, which was negligently constructed in that the means of ingress and egress from the second story rear to the ground was a ramp without any roof or covering, and without any hand rails, guardrails or any protective devices along its sides," and (by amendment) that "Defendant C. M. S. Realty Company was negligent in that it failed to equip said ramp with a roof or covering, and in that it failed to equip said ramp with handrails, guardrails or any protective devices along its sides; plaintiff alleging that defendant C. M. S. Realty Company, at all dates mentioned in said suit, knew that said building was negligently constructed in that the means of ingress and egress from the second story rear to the ground was a ramp without any roof or covering, and without any handrails, guardrails, or any protective devices along its sides." No other negligence was charged to the realty company.

As to the other defendant, W. & A. Manufacturing Company, the petition alleged that it was negligent in subleasing to the plaintiff a portion of the building having said ramp as the rear ingress and egress; in impregnating said ramp with oil and grease; in throwing oil and grease upon said ramp on the morning of the day the plaintiff was injured; in not removing from said ramp said oil and grease; in maintaining said ramp in a slick and slippery condition; in maintaining said ramp without any roof or cover to prevent the falling of rain thereon; in maintaining said ramp without handrails, guardrails or other protective devices along its sides; in maintaining said ramp when it was not provided with a non-skid surface to prevent slipping; and in failing to provide a safe means of egress from the second floor at the rear of the said building.

It was alleged also that the building including the ramp was owned by the realty company but was under lease to the manufacturing company, including the right to use the ramp as a means of ingress and egress, and that under the contract of rental the

manufacturing company "retained the exclusive possession and control of said ramp;" that the manufacturing company, about two weeks before the injuries to the plaintiff, began to park and station its trucks on said ramp, and to load and unload the same therefrom; that its trucks were out of repair and that oil and grease leaked from them onto said ramp and impregnated it with oil and grease, which was known to the manufacturing company before and at the time of the injuries to the plaintiff; that on the morning of September 17, 1946, plaintiff had walked up and down said ramp, at which time it was apparently safe to walk upon, but later in the day the manufacturing company ran a truck onto said ramp and deposited additional oil and grease thereon, which was unknown to the plaintiff when he was injured later on in the day; that about 4:30 o'clock in the afternoon, the plaintiff, while walking down said ramp slipped and slid along the same, striking a truck thereon which was owned and operated by the manufacturing company, and was thrown over the side of the ramp to the ground twelve feet below, resulting in the injuries for which he sued. It was alleged that the truck was parked midway on the ramp with a space of about 18 inches on either side, and that when the plaintiff slipped and fell and struck the truck he was ricocheted over the side of the ramp; that it was raining at the time and had been raining throughout the day, that the wet condition of the ramp, its impregnation with oil and grease, and the additional oil and grease deposited thereon that day caused the ramp to be slick and slippery, although this was not apparent, and that the manufacturing company knew, or in the exercise of ordinary care should have known, the condition of the ramp. These are substantially the allegations made by the plaintiff as to the cause of his injuries and the manner in which they were sustained.

The petition is based on the theory of concurrent negligence, and on the rule of law that if two or more acts of negligence contribute directly and concurrently in bringing about the injury, they together constitute the proximate cause. That rule was recognized in *Tallman* v. *Green*, 74 *Ga. App.* 731 (41 S. E. 2d, 339), and in the several cases cited therein. The realty company, the only defendant involved in this appeal, contends that the negligence alleged against it was not the proximate cause of the injuries suffered by the plaintiff; and since the case is here on de-

murrer the petition must be construed most strongly against the pleader who is the plaintiff.

The petition alleged that the manufacturing company was in exclusive possession and control of the ramp on which the plaintiff slipped and fell, and the realty company would not be liable unless the injuries arose from defective construction of the ramp or from failure to keep it in repair. "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." Code, § 61-112. Laying aside the question whether the allegations of the petition alleged defective construction of the building, because the ramp was uncovered and without handrails or other guards, we think that the petition failed to show that the structural condition of the ramp was the proximate cause of the plaintiff's injuries.

It appears that some two weeks before the plaintiff was injured the manufacturing company began to park its trucks on the ramp for purposes of loading and unloading, and that said trucks were out of repair, and oil and grease leaked from them onto the ramp, impregnating it with oil and grease, and that on the morning of the day the plaintiff was injured the manufacturing company "ran a truck onto said ramp and deposited additional oil and grease from said truck on said ramp," and the cause of plaintiff's fall appears clearly to have been the slick and greasy ramp, made so by alleged acts of the manufacturing company and not by any defective construction of the ramp or failure to repair it. After the plaintiff slipped and fell he struck a truck of the manufacturing company parked on the ramp which caused him to be thrown over the side of the ramp to the ground underneath, a distance of about 12 feet, resulting in the injuries sustained by him. While it was raining intermittently throughout the day, and the ramp was wet, the plaintiff walked up and down the ramp during the forenoon without mishap and found it apparently safe, and it was the additional oil and grease put on the ramp that day by the manufacturing company which caused the ramp to be slick and slippery, precipitating the fall of the plaintiff in the first instance, and after he slipped and fell on the ramp it was the truck of the

manufacturing company struck by him which caused him to fall from the ramp to the ground below.

Under the circumstances set forth, all of which appear from the petition, it seems to us that the negligence alleged against the realty company, if a cause at all, was remote and furnished only the condition and occasion of the injury, and was not the proximate cause thereof. The rulings in *Dobbs* v. *Noble*, 55 *Ga. App.* 201 (189 S. E. 694), *Edwards* v. *Lassiter*, 67 *Ga. App.* 368 (20 S. E. 2d, 451), and particularly in *Whitaker* v. *Jones, McDougald, Smith, Pew Co.*, 69 *Ga. App.* 711 (26 S. E. 2d, 545), amply sustain the conclusion reached by the judge that the petition did not state a cause of action against the realty company, and the general demurrer as to it was properly sustained.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*