## 21229. WEST v. ROSENBERG.

JENKINS, P. J. 1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. .297); *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116), and cit. But questions of negligence and diligence, even as to gross negligence and slight diligence, as well as the determination of what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff, are generally questions for the jury. *Rosenhoff* v. *Schaul*, 42 *Ga. App.* 776 (157 S. E. 215); *Farrar* v. *Farrar*, 41 *Ga. App.* 120 (152 S. E. 278).

2. In the instant suit against the driver of an automobile by one riding therein as his invited guest, for damages on account of injuries sustained when the defendant drove the car into and against an obstruction placed in the center of a city street by the municipal authorities, consisting of an iron post set in a heavy concrete base, rising several feet above the ground, and supporting a traffic-signal light flashing red, where it was alleged that the defendant was driving on a rainy night at a speed exceeding thirty-five miles per hour, in violation of an ordinance of the city limiting the speed of automobiles to fifteen miles per hour,

and while the windshield wiper was not working, to which his attention had been called by passengers in the car, and while it was impossible for him to keep a proper lookout for danger or see very well; that the defendant knew the location of the traffic-signal light, and that at the time he approached the obstruction the light toward the defendant showed red, and was observed by him; and that the defendant drove directly into the obstruction, which acts, it was alleged, constituted gross negligence, the petition set forth a cause of action good as against general demurrer.

(a) The allegations of the petition relative to calling the attention of the defendant to the defective condition of the windshield wiper as the car was being driven through the rain, while not sufficient to show a change in the legal relationship existing between the driver of the automobile and his invited guest (*Blanchard* v. *Ogletree*, supra), were germane to the cause of action as laid in the petition, since such facts tended to illustrate the degree of the defendant's negligence in continuing to drive the automobile under the conditions set forth.

(b) The grounds of negligence charged in the petition were not mere conclusions of the pleader, since the facts upon which they were based were set forth by the petition.

(c) The court did not err in overruling the general and special demurrer.

3. The charge of the court that "it is a rule of law that, when a wrongful act puts other forces in operation which are natural and which the act would reasonably and probably put in action, the party who puts in force the first efficient cause would be responsible for the injury proven, and, if you find that the plaintiff in this case was injured by the defendant's actionable negligence, that is if you find that he was guilty of gross neglect, and this gross neglect was the proximate cause of the injury to the plaintiff, then it would be your duty to bring in a verdict for this plaintiff for damages for whatever amount of damages you find he is entitled to recover," was not error for any reason assigned. While the first portion of the charge, relative to an act putting into operation other forces which are natural and which the act would reasonably and probably put in action, might be subject to the only criticism made of it,—that it was not adjusted to the pleadings and the facts of the instant case,—it does not appear that such instruction could reasonably have been harmful or prejudicial to the rights of the defendant. *Dolvin* v. *American Harrow Co.*, 131 *Ga.* 300 (10) (62 S. E. 198); *Butler* v. *Lovelace-Eubanks Lumber Co.*, 37 *Ga. App.* 74 (139 S. E. 83). This portion of the charge did not amount to an expression of opinion on the part of the court that the defendant had in fact put in operation other forces which resulted in injury to the plaintiff. The remaining part of the excerpt complained of, when taken in connection with the remainder of the charge, could not have been error harmful to the defendant in that it failed to take into consideration, or charge the jury to take into consideration, any lack of ordinary care for his own safety on the part of the plaintiff, or contributory negligence of which the plaintiff may have been guilty, since the court, elsewhere in the charge, expressly and fully instructed the jury relative to the duty resting upon the plaintiff to exercise ordinary care for his own safety, and relative to

the defense of contributory negligence, gave to the jury full instructions as to the law of comparative negligence and diminution of damages, and repeatedly charged the jury that the plaintiff could not recover unless the jury found that the defendant had been guilty of gross negligence, and that such gross negligence constituted the proximate cause of the injury to the plaintiff. Moreover, the excerpt complained of limited the recovery to such damages as the jury might find the plaintiff was entitled to recover, thus manifestly referring to further instructions to be given as to the ascertainment of damages, and made a finding of gross negligence on the part of the defendant, proximately causing the injury sued for, necessary to any recovery.

4. While the petition did not specifically set forth, as elements of damage, past or future pain and suffering, either mental or physical, and did not specifically set forth, as an element of damage, future impairment of the plaintiff's earning capacity, it did set forth in detail the injury sustained by the plaintiff, consisting of the breaking of the femur of the right leg, and the fact that he had spent several months in a hospital, and alleged that his injuries were permanent. There was ample evidence, admitted without objection, as to the nature and extent and painful character of the plaintiff's injuries, as to his loss of earnings during the period between the injury and the trial, as to the fact that the injured limb was shorter than the other, and that, up to the time of the trial, he had not been able to resume his occupation. The mortality and annuity tables were introduced in evidence by the plaintiff without objection, and there is no exception to the charge in which the jury were instructed, in the event they found there was a permanent impairment of the capacity of the plaintiff to earn money, to "seek honestly to reach just conclusions from the facts before you as to what amount would fairly represent the yearly earnings of the plaintiff to the end of his life had he not been injured, and as to the proportion—whether one fourth, one half, or more or less than these fractions—in which such earnings will be reduced because of his injuries," and no exception to the charge of the court relating to the use of the mortality and annuity tables in arriving at the amount of damages recoverable on account of future loss of earnings. Since the petition could have been amended so as to authorize the admission of the proof as to past and future pain and suffering, it was not error for the court to submit these elements of damages to the jury for consideration in arriving at the amount of general damages recoverable. *Ocean Steamship Co.* v. *Williams,* 69 *Ga.* 251 (4); *Nashville, Chattanooga & St. Louis Ry. Co.* v. *Miller,* 120 *Ga.* 453 (4) (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210); *Atlanta Street Ry. Co.* v. *Owings,* 97 *Ga.* 663 (4), 668 (25 S. E. 377, 33 L. R. A. 798); *Gainesville & Northern Ry. Co.* v. *Galloway,* 17 *Ga. App.* 702 (4) (87 S. E. 1093); *White* v. *Knapp,* 31 *Ga. App.* 344 (7) (120 S. E. 796).

(a) The charge of the court, that the plaintiff contended "that his capacity to earn money has been diminished and that this condition will continue until the end of his life," was authorized by evidence admitted without objection. Since there is no exception to the charge of the court relating to the measure of damages on account of future loss of

earnings, no question is presented as to whether the evidence afforded a basis upon which a recovery on account of such element of damage could be predicated.

5. In view of all the proved facts and surrounding circumstances, including the testimony as to the falling rain which obscured the vision of the defendant driver of the automobile, the testimony as to the speed at which the car was traveling (thirty-five to forty-five miles per hour), the testimony from which knowledge of the presence of the obstruction in the highway might have been inferred, and the admission of the defendant, made a short time after the accident, to the effect that it was raining and the glare from the lights at a filling station near the scene of the accident prevented him from seeing the obstruction, but he was under the impression that the signal light on the obstruction was suspended from overhead, that he was able to see only a short distance ahead, and drove into the obstruction, it can not be said, as a matter of law, that the jury were not authorized to find that the defendant was guilty of gross negligence from which the injury to the plaintiff proximately resulted.

(a) Nor can it be said, as a matter of law, that the fact that the plaintiff was asleep in the rear seat of the automobile constituted such negligence on his part as would preclude a recovery. See, in this connection, Bushnell v. Bushnell, 103 Conn. 583 (131 Atl. 432, 44 A. L. R. 785 (7), 792).

6. The evidence authorized the verdict in favor of the plaintiff, which has the approval of the trial judge, and it can not be here set aside for any reason assigned. *Judgment affirmed. Stephens and·Bell, JJ., concur.*
DECIDED OCTOBER 16, 1931.

*McDaniel, Neely & Marshall, S. B. Lippitt,* for plaintiff in error. *Bennet & Peacock,* contra.