27893. CALLAHAN *et al.* v. COFIELD *et al.*

DECIDED FEBRUARY 29, 1940.

*Harris, Harris, Russell & Weaver, Will Ed Smith,* for plaintiffs in error.

*O. J. Franklin,* contra.

STEPHENS, P. J. J. L. Cofield filed suit against H. G. and Hamilton Callahan, composing the partnership of Callahan Brothers, and against J. K. Chance, to recover damages for personal injuries and property damage caused by the alleged negligence of the defendants. It appears from the plaintiff's petition as amended that on the afternoon of August 18, 1938, the plaintiff was driving a two-horse wagon on his right side of an unpaved public highway; that a motor truck of Callahan Brothers approached the

plaintiff's wagon from the opposite direction in which the plaintiff was proceeding; that this truck was being operated at about fifty miles an hour and carried with it a dense cloud of dust; that when the plaintiff observed this truck approaching he pulled over to his extreme right side; that as the truck approached its driver began to check the speed thereof, and this led the plaintiff to believe that the driver intended to stop the truck and converse with him; that the truck was brought to a sudden and abrupt stop, and the driver thereof did not hold out his hand; that the application of the brakes intensified the denseness of the dust and obscured vision around the truck so that one could see for only a few feet; that just a few feet behind the truck, to which was attached a trailer, the defendant Chance was following in his automobile, and that the sudden stopping of the truck without warning took Chance by surprise and he thereupon steered his automobile to the left of the truck and into the team and wagon of the plaintiff inflicting the injuries and damage sued for. By an amendment the plaintiff alleged that when the truck of Callahan Brothers stopped it was about one foot to the right of the regular wheel ruts made in the road by traffic, and was almost even with the plaintiff's team, producing at the point almost a solid blockade of the highway; that the driver of the truck could have turned it easily at least six feet further to the right, thereby leaving sufficient room for a lane of traffic between the plaintiff's wagon and the truck. It was further alleged that the truck was not parked eight feet from the center of the highway, and that it was not equipped with good and sufficient rear-view mirror, which constituted negligence per se. The acts of negligence charged were (a) in driving the truck at an excessive rate of speed, (b) in making the sudden, abrupt, and unexpected stop with the truck without the driver extending his hand and arm horizontally from and beyond the left side of the truck so as to give the proper signal and warning that he was going to stop, (c) in the driver's failing to turn his truck to his right so as to give one half of the traveled roadway as he approached the plaintiff, (d) in Chance's driving his automobile at an excessive speed, (e) in that Chance did not have his automobile equipped with efficient and serviceable brakes, and (f) in that Chance steered and turned his automobile to the left of the truck which he had overtaken for the purpose of passing it without ascertaining whether or not the way was clear of approaching traffic.

Callahan Brothers demurred to the petition, and to the judgment overruling the demurrers they excepted, naming both the plaintiff and the co-defendant, Chance, as defendants in error. Callahan Brothers contend that the court erred in overruling their demurrer because it affirmatively appears from the allegations that the plaintiff's injuries and damage were caused by the negligence of Chance, the driver of the automobile, in operating the automobile at an excessive speed, with inefficient brakes, and in turning his automobile to the left of the truck of Callahan Brothers, which he was overtaking, without ascertaining whether or not the way ahead was clear, rather than the alleged negligence of the driver of the truck in operating it at an excessive rate of speed, in making a sudden, abrupt, and unexpected stop, without giving the proper signal, and in failing to give the plaintiff half of the highway. Callahan Brothers contend that the negligence of Chance was the sole juridical and proximate cause of the plaintiff's injuries, and that the alleged negligence of Callahan Brothers would not have injured and damaged the plaintiff but for the interposition of a separate independent agency over which Callahan Brothers neither had nor exercised control.

There may be more than one proximate cause of an injury. *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (3) (186 S. E. 224). It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. *Rolleslone* v. *Cassirer,* 3 *Ga. App.* 161, 173 (59 S. E. 442). "In case two or more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the inter-

vention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned. But if two negligent causes stand so related that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue,—i. e., if both the negligent causes are material factors in producing the injury, and are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence." *Atlantic Coast Line R. Co. v. Daniels*, 8 *Ga. App.* 775, 780 (70 S. E. 203). "The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury. [Citations.] While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrongdoer, the negligence in the intervening act may concur with the negligence of the original wrongdoer in causing the injury, and the perpetrators of both acts may be joint tort-feasors." *Allyn & Bacon Book Publishers v. Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771).

It is alleged in the petition that the plaintiff was injured as a result of certain specified acts of negligence of Callahan Brothers and of Chance. It was for the jury to determine whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent negligence of all the defendants, or the separate acts of either, constituted the proximate cause or causes of the injury. Each case must depend for solution on its own particular facts. It is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury there can be a recovery against either or both of the responsible persons. The fact alone that the injury and damage to the plaintiff would not have been sustained had only one of the persons been guilty of the negligent acts charged, will not of itself operate to define and limit the negligent acts of the other person as constituting the proximate cause. If the negligent acts of both persons contribute directly and concurrently in bringing about the injury, such acts together will constitute the proximate cause or causes. What constitutes the proximate cause of an injury may be

directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to, and except in plain and indisputable cases this is for determination by a jury under proper instructions by the court.

It is true that a jury might well find that the wreck of the plaintiff's wagon and consequent injuries and damage would not have resulted from the sudden stopping, without warning, of the motor truck in the road beside the team of the plaintiff, thus creating a virtual blockade of the road, had it not been for the fact that Chance's automobile was trailing closely behind this truck, and, on the truck's stopping, the driver of the automobile, on account of his speed and faulty brakes, had suddenly to swerve to the left to avoid running into the truck, and so struck the plaintiff's wagon which was partially obscured from his vision by the dense cloud of dust which arose from the operation of the motor truck in front of him. A jury might well find that the automobile driven by Chance would not have run into the wagon of the plaintiff had it not been for the sudden stopping, without warning, of the truck, creating a virtual blockade of the highway, making it impossible for Chance to pass to the left of the truck in front of him without striking the wagon of the plaintiff. The jury might find that it took the alleged negligent acts of both defendants, operating concurrently, to produce the plaintiff's injuries, and that the acts of the defendants in the premises independently of each other would not have resulted in a collision between the automobile of Chance and the wagon of the plaintiff. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate to limit the other act as constituting the proximate cause.

The petition set out a cause of action against Callahan Brothers, and the judge did not err in overruling their general and special demurrers.

*Judgment affirmed. Sutton and Felton, JJ., concur.*