28267. BRADY *v.* FRUEHAUF TRAILER COMPANY *et al.*

DECIDED JULY 16, 1940.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff.
*Oliver & Oliver, Ernest J. Haar,* for defendants.

STEPHENS, P. J. Rufus L. Brady instituted suit against Louis Rayola and Fruehauf Trailer Company to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. The petition alleged, that the plaintiff was operating a bus of the power company in a westwardly direction on Bay Street Extension in the city of Savannah; that he intended to turn to the left into Moore Street, which was the terminus of the bus

route; that a truck and trailer of the Fruehauf Trailer Company, which had been proceeding in front of the plaintiff, were being backed and "jack-knifed" by the driver thereof, so as to back the truck and trailer into the parking lot of the Fruehauf Trailer Company, which was on the south side of Bay Street Extension, about sixty feet east of Moore Street; that in this operation the truck and trailer partially blocked the entrance to Moore Street, and blocked the east-bound traffic on Bay Street Extension; that the bus which was being driven by the plaintiff, preparatory to making the turn into Moore Street from Bay Street Extension, was brought to a stop at the center line of that street, so as to permit east-bound traffic on Bay Street to clear the entrance to Moore Street before proceeding forward into Moore Street; that the truck which was being driven by the defendant Rayola was approaching from the east toward the entrance to Moore Street at a rapid and unlawful rate of speed; that the driver of the truck and trailer of the Fruehauf Trailer Company, although he was aware of the approach of the Rayola truck, continued his efforts to back and "jack-knife" such truck and trailer into the parking lot of the Fruehauf Trailer Company, and in so doing he rendered the space between the plaintiff's stationary bus and the cab of the truck and trailer insufficient for the Rayola truck to pass through; that the Rayola truck was being driven at an excessive speed and in violation of law and ordinances of the City of Savannah, and the driver thereof did not have such truck under control when he attempted to pass between the cab of the truck and trailer and the bus in charge of the plaintiff, and collided with such bus and inflicted the injuries sued for; that "the driver of the Fruehauf truck negligently continued to back same in said 'jack-knife' fashion, with the result that the passing space was lessened two or three feet by the further projection of the back of the truck and front of the trailer of the Fruehauf truck into the street after the Rayola truck had 'straightened out' around the curve," and after it was approaching the bus; and that, "not having sufficient space to pass safely between the bus and the Fruehauf truck, the negligently-operated Rayola truck collided with the bus, causing the injuries" sued for.

The plaintiff further alleged, that the "driver of the Rayola truck was negligent per se in operating a heavily laden truck on a public highway at the unlawful rate of speed of fifty miles an hour

or more, and in rounding a curve and failing to decrease the speed while so doing, and in operating the truck while rounding the curve at such unlawful rate of speed;" that the driver of the Rayola truck was negligent in failing to decrease the speed of the truck and to have the truck under control, and after rounding the curve in failing to decrease such speed or to come to a stop when he saw or should have seen the bus which the plaintiff was operating in the act of crossing the street and entering into Moore Street; that such truck was being operated in violation of an ordinance of the City of Savannah relative to its speed, and in violation of the law of the State prohibiting the operation of a loaded motor vehicle, the total gross weight of which exceeded 16,000 pounds, at a greater speed than twenty miles an hour; that the driver of the Fruehauf truck was negligent per se, in that he stopped the truck and trailer with the left side next to the curb on Bay Street Extension, in violation of an ordinance of the City of Savannah; that "it was negligence on the part of the driver of the Fruehauf truck to continue to back the truck and trailer and thus lessen the passing space, when in the exercise of ordinary care he should have been aware of the approach of the Rayola truck and the position of the bus;" that, "because of the negligence of the Fruehauf Company in closing up said passing space as the Rayola truck approached, the driver of the Rayola truck found he was unable to pass the bus in safety which otherwise he could and should have done;" that the negligence of the Fruehauf Company in closing up said distance in said manner, so as to suddenly remove the opportunity of the Rayola truck passing between the two vehicles, concurred with the negligence of the driver of the Rayola truck in causing the collision with the bus; that as a result of the joint and concurrent negligence of the two defendants the plaintiff was injured; and that "each of the acts of negligence on the part of the defendants concurred as the proximate cause of the injuries received" by the plaintiff. The judge sustained the demurrer as to the Fruehauf Trailer Company, and struck that defendant from the case. This ruling is assigned as error by the plaintiff.

The plaintiff alleged that he was injured by reason of the joint concurrent negligence of the two defendants, and that "each of the acts of negligence on the part of the defendants concurred as the proximate cause of the injuries received" by him. It is well estab-

lished that there may be more than one proximate cause of an injury. The proximate cause of an injury may be two separate and distinct acts of negligence operating concurrently; and, "Where two concurrent acts of negligence operate in bringing about an injury, the person injured may recover against either or both of the persons responsible." *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (7 S. E. 2d, 592). "In case two or more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned. But if two negligent causes stand so related that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue,—i. e., if both the negligent causes are material factors in producing the injury and are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence." *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775, 780 (70 S. E. 203). "The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury. [Citations.] While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrong-doer, the negligence in the intervening act may concur with the negligence of the original wrong-doer in causing the injury, and the perpetrators of both acts may be joint tort-feasors." *Allyn & Bacon Book Publishers* v. *Nicholson,* 58 *Ga. App.* 729 (199 S. E. 771).

It is alleged that the plaintiff was injured as a result of certain specified acts of negligence on the part of Rayola and on the part of the Fruehauf Trailer Company. Where two concurrent acts of different persons operate directly in bringing about the plaintiff's injury, he may recover against either or both of the responsible persons. The fact alone that the plaintiff's injury and consequent damage would not have been sustained had only one of the persons been guilty of the negligent acts charged will not of itself operate to define and limit the negligent acts of the other person as constituting the proximate cause. If the negligent acts of both actors contribute directly and concurrently in bringing about the plaintiff's injuries, then such acts together constitute the proximate cause or causes of such injury. What constitutes the proximate cause of an injury may be directly involved as one of the essential elements and the disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to; and except in plain and indisputable cases this question is to be determined by the jury under instructions by the judge. *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (7 S. E. 2d, 592); *Fender* v. *Drost,* 62 *Ga. App.* 345 (7 S. E. 2d, 800).

Under the facts alleged, a jury might find that the plaintiff's injuries would not have resulted from the manner in which the driver of the truck and trailer belonging to the Fruehauf Company was endeavoring to back such truck and trailer into the defendant trailer company's parking lot by "jack-knifing" the truck and trailer, thus creating a blockade of the street along which the truck of Rayola was being operated, had it not been for the fact that the truck of Rayola, which was heavily loaded, was being operated in violation of law and at an excessive speed and was not in control of the driver thereof. Likewise a jury might well find that the automobile truck of Rayola would not have collided with the bus operated by the plaintiff, had it not been for the virtual blockade of the street on the side along which this truck was entitled to proceed, and had it not been for the manner in which the driver was "jack-knifing" this truck and trailer (having stopped the truck and trailer with its left side to the curb on Bay Street Extension, in violation of an ordinance), and had it not been for the fact that the driver of such truck and trailer continued so to do, and closed up the space between the cab of the truck and trailer and the sta-

tionary bus being operated by the plaintiff, making it impossible for the driver of the Rayola truck to pass between such truck and trailer and stationary bus being operated by the plaintiff. The jury might find that it took the alleged negligent acts of both the defendants, operating concurrently, to produce the plaintiff's injuries, and that the acts of the defendants in the premises, independently of each other, would not have resulted in a collision between the Rayola truck and the bus operated by the plaintiff. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate to limit the other act as constituting the sole proximate cause.

The petition set out a cause of action against the Fruehauf Trailer Company, and the judge erred in dismissing the action on general demurrer, in so far as it applied to this defendant.

*Judgment reversed. Sutton and Felton, JJ., concur.*