32064. RAY v. PEPPERELL MANUFACTURING CO. *et al.*

DECIDED JUNE 25, 1948. REHEARING DENIED JULY 9, 1948.

Maddox & Maddox, for plaintiff.

Graham Wright, Matthews, Owens & Maddox, for defendants.

FELTON, J. ■ The plaintiff's case is predicated on the theory that the digging of the ditch under the contract alleged, without permission of the Highway Department, was a misdemeanor, and that its digging and the leaving of the ditch in a dangerous condition was negligence which was the proximate cause of the injuries complained of. The evidence showed, however, that after the ditch was dug under the contract alleged in the petition, the State Highway Department entered into a contract with Ledbetter-Johnson, contractors, one of the defendants in this case, for the resurfacing of the highway, including the area where the ditch was dug, and that the highway was resurfaced by the contractors. The injuries sued for were suffered subsequently to the repaving of the road by the contractors under contract with the Highway Department. Under these facts we do not think that the negligence in the digging of the ditch under the contract alleged in the petition was the proximate cause of the depression in the highway. There is no evidence that it was in existence at the time the Highway Department contracted with Ledbetter-Johnson, contractors, for the resurfacing, and under the facts it was not within the power of the defendants under their contract to remedy any defective filling of the ditch under their contract after the resurfacing contract was made. If there was any actionable negligence it was chargeable to Ledbetter-Johnson, contractors, under their contract for the resurfacing and not under their contract for the original digging of the ditch. Since the action is for damages resulting from the digging of the ditch and not in negligently resurfacing the road, the direction of a verdict in favor of the defendants was proper because the original negligence sued on is too remote and was not under the facts the proximate cause of the injuries. The proximate cause, if any, was the negligence of the contractors and Highway Department in failing to properly resurface the highway or to correct the defect thereafter. "If the author of the latter negligence with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates

in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned." *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775, 780 (70 S. E. 203) ; *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (7 S. E. 2d, 592).

■ The court did not err in admitting in evidence the contract between the State Highway Department and the contractors, over the objection that it was irrelevant and immaterial.

■ It is not necessary to rule on the other assignments of error in the amended motion for a new trial.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*