32270. ATLANTA GAS LIGHT COMPANY *v.* MILLS *et al.*

DECIDED FEBRUARY 11, 1949. REHEARING DENIED FEBRUARY 26, 1949.

*Harris, Harris, Russell & Weaver,* for plaintiff in error.

*Martin, Snow & Grant, Jones, Jones & Sparks, Ed. L. Benton,* contra.

PARKER, J. ■ As to the ruling on the general demurrer, we start with the proposition that each case must depend for solution on its own particular facts. No case directly in point or on all fours, as we sometimes say, with this case has been brought to our attention or found by us, although many cases cited by counsel deal in one way or another with one or more questions relating to negligence or proximate cause. We have not been able to find any one case on which a decision can be based, and as to the general demurrer this case must be decided upon an application of several general rules of law.

The gas company contends that the plaintiff's petition, fairly construed, alleges and asserts a physical impossibility, and *Rome Rwy. & Light Co.* v. *Keel,* 3 *Ga. App.* 769 (60 S. E. 468), is cited. It is claimed that the driving of the car into the cut, with sand, rock, and pebbles on the pavement, as the brakes were being applied, tended to cause the car to stop more quickly than if the cut had not been present, and that skidding of the rear end of the car should be attributed to ineffective brakes rather than to some rough substance on the pavement. If it be conceded that the dropping of the front wheels of the car while in motion into a cut or depression would tend to stop the car, we do not think it necessarily follows that the skidding of the rear end of the car under these circumstances would be due to defective brakes rather than to some rough substance on the pavement under the rear wheels. Whether the sudden stopping of the front wheels of the car in motion from coming in contact with a cut or depression in the pavement, especially where the obstruction was on a curve, tended to produce a skidding of the rear wheels, would seem to be a question of fact under the allegations of the petition.

The plaintiff contends that the alleged negligence of the gas company in placing the obstruction in the street prevented the police car from coming to a complete stop before the collision, which would have reduced the force of the impact between the car and the truck, and also caused the car to skid and be hit on its left side instead of the front. If the jury should find that the

gas company was negligent as claimed, they would have to find also that the alleged greater force of the impact between the vehicles was a proximate cause of the plaintiff's injuries, or that the skidding of the car was such proximate cause, or that the two things together constituted a proximate cause of the injuries, before the defendant would be liable. "In discussing legal causation, the phrase 'proximate cause' does not necessarily mean that which is nearest, but refers rather to the efficient cause, and in this sense is sometimes referred to as the 'immediate and direct' cause as opposed to 'remote.' And the words 'proximate,' 'immediate,' and 'direct' are frequently used as synonymous." *Godwin* v. *Atlantic Coast Line R. Co.*, 120 *Ga.* 747, 751 (48 S. E. 139). Direct and consequential damages are defined in § 105-2007 of the Code, and § 105-2008 states the rule as to when damages are too remote, and § 105-2009 gives the rule to be applied in ascertaining remoteness. These sections must be construed together. Whether the injuries sued for by the plaintiff, and the damage resulting therefrom, were proximately caused by the negligence of the defendant, either solely or concurrently with the negligence of other parties, is a question for the jury under the general rules of law applicable to this case.

It is well settled that there may be more than one proximate cause of an injury; the proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently; and where two concurrent acts of negligence operate in bringing about an injury, the person injured may recover from either or both of the persons responsible. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate to limit the other act as constituting the proximate cause. See *Callahan* v. *Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d, 592), and cits. Along with the general principles of law applicable to negligence cases as stated, is the further principle that, "except in plain and indisputable cases, what negligence, as well as whose negligence, constitutes the proximate cause of an injury is for determination by the jury under proper instructions from the court." *Callahan* v. *Cofield*, supra. We can not say, under the particular and somewhat unusual facts of this case, as a matter of law that the sole proxi-

mate cause of the plaintiff's injuries was the operation of the truck in an alleged illegal manner at the time it collided with the plaintiff's car. The gas company's alleged negligence was negative and more or less static, and the driving of the truck was an intervening cause, and was of a criminal nature under the allegations of the petition. The rule that an intervening act may break the causal connection between an original act of negligence and injury to another is not applicable if the nature of such intervening act was such that it could have reasonably been anticipated or foreseen by the original wrongdoer. *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d, 698). It is not necessary that an original wrongdoer shall anticipate or foresee the details of a possible injury that may result from his negligence. It is sufficient if he should anticipate from the nature and character of the negligent act committed by him that injury might result as a natural and reasonable consequence of his negligence. "In order that a party may be liable in negligence, it is not necessary that he should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient, if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." *Mitchell* v. *Schofield's Sons Co.,* 16 *Ga. App.* 686, 690 (85 S. E. 978), and cits. Whether the placing of an obstruction of the character alleged in a public street in a large city, used by numbers of people for vehicular traffic at all hours of the day and night, as alleged in this case, is reasonably calculated to cause in and of itself, or in conjunction with the intervening act of some third person, an injury to some person using the street, is a question for the jury. If this defendant was negligent as alleged, it is for the jury to say whether it should have foreseen within the meaning of the law the possibility of some harm or injury to some person, including the plaintiff, as a natural result of its negligence.

We have read the cases cited by the defendant in its brief, and do not deem it necessary to discuss them in detail. The general principles to which we have referred seem to be sufficient to justify the conclusion that the allegations of the petition as to the

defendant gas company make issues of fact properly decidable only by the jury. The court did not err in overruling the general demurrer to the petition.

■ The first special demurrer to certain language in paragraph 13 of the original petition, and to the additional allegations added to that paragraph by the amendment of September 3, 1948, should have been sustained and these allegations stricken. They relate to movements of the police car before it reached the place where the collision occurred, which have no causal connection with the collision. The specifications of negligence charged to the gas company relate only to the excavation in front of Bowen's Fruit Stand.

■ The special demurrer to paragraph 14 as amended, on the ground that it did not show the speed of the plaintiff's car at the time of the collision should have been sustained. We think that this defendant was entitled to that information under the facts alleged and the contentions made in this case. Other grounds of special demurrer to this paragraph were properly overruled.

■ For the reasons stated in connection with the ruling made as to the general demurrer, we do not think that the special demurrers to certain language in paragraph 14a were good, and the court did not err in overruling them.

■ The court did not err in overruling the special demurrers to paragraphs 20 and 22 of the petition as amended. Under the petition considered in its entirety, as we construe it, the allegations in these paragraphs were not mere conclusions of the pleader unsupported by any allegations of fact.

*Judgment affirmed in part, and reversed in part. Sutton, C. J., and Felton, J., concur.*