32725.   ETHRIDGE *v.* NICHOLSON.

DECIDED JANUARY 6, 1950.

694

*R. L. Maynard, Charles Burgamy,* for plaintiff.

*Smith & Undercofler,* for defendant.

WORRILL, J. The sole question presented by this record is whether a cause of action against the defendant Nicholson, under the doctrine of concurrent negligence is stated by the petition as against a general demurrer. *Martin* v. *McAfee & Co.,* 31 *Ga. App.* 690 (3) (122 S. E. 71).

"It is well settled that there may be more than one proximate cause of an injury; the proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently; and where two concurrent acts of negligence operate in bringing about an injury, the person injured may recover from either or both of the persons responsible. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate to limit

the other act as constituting the proximate cause. See *Callahan* v. *Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d, 592), and cits. Along with the general principles of law applicable to negligence cases as stated, is the further principle that, 'except in plain and indisputable cases, what negligence, as well as whose negligence, constitutes the proximate cause of an injury is for determination by the jury under proper instructions from the court.' *Callahan* v. *Cofield*, supra. . . It is not necessary that an original wrongdoer shall anticipate or foresee the details of a possible injury that may result from his negligence. It is sufficient if he should anticipate from the nature and character of the negligent act committed by him that injury might result as a natural and reasonable consequence of his negligence. 'In order that a party may be liable in negligence, it is not necessary that he should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient, if by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.' *Mitchell* v. *Schofield's Sons Co.*, 16 *Ga. App.* 686, 690 (85 S. E. 978), and cits." *Atlanta Gas Light Co.* v. *Mills*, 78 *Ga. App.* 690, 695, 696 (51 S. E. 2d, 705).

The volume of legal literature on the doctrine of concurrent negligence is so large as to stagger the most evid researcher. However, an oft cited and leading case in Georgia, and one which correctly and succinctly states the law applicable to the problem here presented is *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203). In an exhaustive and lucid opinion, Judge Powell set forth the law on this subject, and we take the liberty of quoting at length and in reaffirming what was therein declared to be the law.

"Cause and effect find their beginning and end in the limitless and unknowable. Therefore, courts, in their finitude, do not attempt to deal with cause and effect in any absolute degree, but only in such a limited way as is practical and is within the scope of ordinary human understanding. Hence arbitrary limits have been set, and such qualifying words as 'proximate' and 'natural' have come into use as setting the limits beyond

which the courts will not look, in the attempt to trace the connection between a given cause and a given effect. . .

"In case two or more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connections so far as juridic purposes are concerned. But, if two negligent causes stand so related that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue, i. e., if both the negligent causes, . . are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence."

Applying this law to the instant case we think it is clear from the allegations of the petition that the plaintiff, had she been observing the way in front of her, would not have run into the obstruction placed in the street by the defendant municipality, and that had the defendant Nicholson's dog not run after her and chased her she would have been observing her course and would not have run into or over the obstruction. That Nicholson could not foresee these exact consequences of his negligent act in permitting the large and vicious dog to run at large on the streets is not material. He certainly should have anticipated that some injury to some member of the public might have resulted. We cannot say, as a matter of law, that the defendant Nicholson's act in permitting the dog so to run, possessing the characteristics alleged, was not such as was calculated to produce

some injury of the character which actually resulted or that such act was not one of the proximate causes of the plaintiff's injuries. The court, therefore, erred in sustaining Nicholson's general demurrer and in dismissing the action as to him.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*