34916, 34917.   McCLURE *v.* UNION LUMBER COMPANY;
·  and *vice versa.*

DECIDED DECEMBER 2, 1953—REHEARING DENIED DECEMBER 17, 1953.

426

R. Beverly Irwin, Osgood O. Williams, Marshall, Greene, Baird, Neely & DeRieux, for plaintiff in error.

Gambrell, Harlan, Barwick, Russell & Smith, James C. Hill, A. S. Grove, contra.

GARDNER, P. J. We are well aware of that oft-used and repeated rule of the law that questions of negligence and diligence, what is negligence, whose negligence, contributory negligence, proximate cause, and the like, are generally not questions of law to be determined by the courts upon demurrer, but are questions to be decided by the jury under proper instructions from the trial judge, except in *plain and unmistakable* cases when such questions are to be solved by the courts on demurrer. See *Central of Georgia Ry. Co. v. Leonard*, 49 *Ga. App.* 689 (3), 699 (2) (176 S. E. 137); *Brown v. Savannah Electric Co.*, 46 *Ga. App.* 393 (167 S. E. 773). Where, as here, the petition does not make a question of fact as to the foregoing, it is the duty of the trial judge to pass upon the alleged acts charged as negligence. It is to be kept in mind also that the proximate cause must be shown before an obviously negligent act of the defendant can charge him with liability for an injury; and where—conceding the defendant to have been negligent relative to the pieces of broken concrete on which the plaintiff tripped or stumbled as he sought to avoid the falling steel by running—this does not, under the plain and unmistakable allegations of the petition, constitute the proximate cause of the plaintiff's injuries, i. e., was not what caused the plaintiff to get hurt, the court will determine that the petition, based upon such a charge of negligence for which the defendant is not liable to the plaintiff, fails to set out any cause of action against the defendant, entitling the plaintiff to prevail.

In this connection it must be kept in mind that, while it is alleged that the place where the steel was directed to be unloaded was in an "L" shape, it does not appear how large the "L" space was, nor whether the truck could not have been driven on the opposite side of the place from that where the plaintiff

was directed to unload the steel. The petition does not show that the steel could not have been unloaded from the other side of the truck at the place where the plaintiff was directed to unload the steel. The petition does not show that the truck in which the steel was loaded should have been tilted so that the steel would fall on the plaintiff.

It is true that, in cases like *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (6, 7) (167 S. E. 119), "Where one enters the premises of another for purposes connected with the business of the owner, conducted on the premises, he is an invitee, and the owner of the premises is liable in damages to him for a failure to exercise ordinary care in keeping the premises safe. . . The duty to keep the premises safe for invitees extends to all portions of the premises which it is necessary for the invitee to use in the course of the business for which the invitation was extended, and at which his presence should therefore be reasonably anticipated, or to which he is allowed to go." Also in that case it is correctly ruled (at pp. 149, 150): "The duty to keep the premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers, traps, and the like in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care. . . An owner of buildings who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition, and who invites others to enter upon the property owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent or concealed, or the invitees are without knowledge thereof." If the owner of land knows that its condition is unsafe, he should give timely warning of such danger.

A person is not entitled to recover against another for an injury resulting from an act brought about as a result of a situation created by him and not the defendant, whereby he voluntarily placed himself in peril. See *Briscoe* v. *Southern Ry. Co.*, 103 *Ga.* 224 (28 S. E. 638); *State Const. Co.* v. *Johnson*, 88 *Ga. App.* 651 (77 S. E. 2d 240). The defendant did not create the condition of emergency which caused the plaintiff to run. The plaintiff did this. The proximate cause of the plaintiff's injuries was not the act of the defendant's servants and employees in showing the plaintiff this place for him to unload the steel beams from the truck. It appears from the petition that the plaintiff

voluntarily placed his truck in this position; and, seeing that it was in a dangerous position, tilted towards the side from which he endeavored to remove the steel beams, where it was apparent that the heavy steel beams would respond to the natural law of things heavier than air being drawn to the ground by the magnetic pull of the earth, he unfastened the chains and standards holding these beams on the truck and in place, and they began to roll off the truck and onto the plaintiff, the truck being plainly inclined and tilted in that direction, and he, in an emergency caused by him or by his act, sought to escape by running and stumbling or tripping on the broken piece of concrete lying at his feet, of which he was not aware and had no knowledge, and which had rolled there unknown to him while he prepared to unload the truckload of steel. The foregoing facts plainly appearing from the plaintiff's rewritten petition, his petition as amended fails to set out a cause of action showing any liability on the part of the defendant and was subject to dismissal on general demurrer.

In *McMullan* v. *Kroger Co.*, 84 *Ga. App.* 195 (65 S. E. 2d 420), it was said: "The only reasonable inference from the allegations of the petition is that the structure on the defendant's premises was such as could have been seen by the plaintiff in the exercise of ordinary care, and that the alleged injury was the result of the failure on the part of the plaintiff to exercise such degree of care for his own safety." On the question that the plaintiff ought to have seen the piece of concrete, see cases cited on page 198 of *McMullan* v. *Kroger Co.*, supra.

The trial judge did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed on the direct bill of exceptions; cross-bill of exceptions dismissed. Townsend and Carlisle, JJ., concur.*