35513, 35514. FLETCHER v. ABBOTT.
35577, 35578. HICKS v. ABBOTT.

DECIDED JUNE 6, 1955.

*J. Lundie Smith, B. Lamar Tillman,* for plaintiff in error.

*Robert R. Forrester, R. D. Smith,* contra.

NICHOLS, J. ■ Construing the equivocal or contradictory allegations of fact against the pleader—where it is alleged in one paragraph of the petition that Fletcher followed behind the truck at the time the latter stopped at a distance of 50 feet, and that he was negligent in following behind the truck a distance of 55 feet—the latter figure will be controlling. Similarly, where it is alleged that Fletcher followed behind the truck for a distance

of "approximately 3 miles" at a speed of 55 miles per hour, but it is also alleged that the truck's rate of speed was "approximately 50 miles per hour," the speed of the Fletcher vehicle will be taken to be 50 miles per hour since, had he exceeded this speed, he would necessarily have passed the truck during the 3-mile interval. The Florida night speed limit being pleaded as 50 miles per hour, no negligence in exceeding this limit is alleged. The two remaining allegations charged as gross negligence are as follows: "In driving his said automobile in too close proximity to the motor vehicle preceding him, to wit—55 feet; in driving his automobile in such close proximity to the motor vehicle preceding him at such a high and reckless rate of speed that he was unable to stop the same without crossing the center line of the road on which he was driving." It is further alleged that Fletcher was driving his automobile at an excessive and dangerous rate of speed at that time and place, that the vehicle was out of his control, and that this was the proximate cause of the collision insofar as he was concerned. It clearly appears, therefore, from these allegations, that Fletcher was following the truck in front of him so rapidly and so closely that, when the latter made a sudden stop, he was unable to control his vehicle, and, because of this fact, ran it across the center line of the road into the oncoming path of another fast-moving vehicle. It may be gross negligence for one to hit a plainly visible lighted object in the road at night. *West* v. *Rosenberg*, 44 *Ga. App.* 211 (1) (160 S. E. 808). This court does not think it should be said as a matter of law that it cannot be gross negligence for one to hit a plainly visible vehicle under like circumstances because of lack of control over one's automobile, although the vehicle has made a sudden stop, as this would be a jury question and depend on all the circumstances of the case. If that is so, it may be argued with even greater propriety that we should not say as a matter of law that it is not gross negligence, under the same circumstances, to turn directly into the path of an' oncoming vehicle. Where the minds of reasonable men may disagree as to whether or not an act constitutes negligence, and, if negligence, what degree of negligence the act constitutes, this is a jury question. *Jordan* v. *Lee*, 51 *Ga. App.* 99 (2) (179 S. E. 739); *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (2) (57 S. E. 2d 18). Nothing to the contrary is held

in *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96), relied on by the plaintiff in error. In that case it was held merely that a violation of a 10-mile per hour speed limit at an intersection was not gross negligence. That case contained no allegation that the host's car was out of control. The question is not speed alone, but whether the speed, whatever it is, is such that the automobile is out of control. *Moore* v. *Bryan*, 52 *Ga. App.* 272, 282 (183 S. E. 117). Accordingly, the trial court did not err in overruling the general demurrer of the defendant Fletcher.

It follows that the court had jurisdiction of the case because the petition set out a cause of action against Fletcher, a resident of the county, and properly overruled the ground of demurrer of the defendant Hicks, an alleged joint tortfeasor residing in another county, on the ground that the court had no jurisdiction of him in that no cause of action was alleged against the sole resident defendant.

■ As to the defendant Hicks, it is alleged that he was traveling at 80 miles per hour, which is 30 miles per hour over the speed limit and constitutes negligence per se; that, had he not been guilty of such negligence, the injuries to the plaintiffs would not have occurred, which is supported by allegations that there was room for the Hicks car to pass the Fletcher car on the right, but that Hicks continued down "the center of the center line" of the road. Further, it is obvious that, had Hicks not been traveling at such rate of speed, the collision might not have occurred, or the impact and injuries might have been less. It is therefore a jury question as to whether the negligence of Hicks was a proximate concurring cause of the plaintiffs' injuries. *Brady* v. *Fruehauf Trailer Co.*, 63 *Ga. App.* 50 (10 S. E. 2d 133).

Cases Nos. 35513 and 35514 were assigned for argument before and heard by the first division of this court. Cases Nos. 35577 and 35578 were assigned for argument before and heard by the second division. On consideration, a dissent developed in each division as to all the cases. As a result all cases were considered by the whole court as provided by the act of 1945 (Ga. L. 1945, p. 232), and were assigned to the writer for the preparation of opinions in accordance with the view of the majority.

*Judgments affirmed in all cases. Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., and Gardner, P. J., dissent.*

FELTON, C. J., dissenting. As construed by this court, the petition alleges two acts of negligence against Fletcher, the host driver: one, in driving his automobile in too close proximity to the motor vehicle preceding him to wit, 55 feet; and two, in driving his automobile while it was out of control. I think the demurrers should have been sustained. The facts alleged, as construed by this court, do not support the conclusion that Fletcher was guilty of gross negligence. I realize, of course, that generally questions of negligence, degrees of negligence, etc., are jury questions. However, the law defines the different degrees of negligence and, if every question of negligence or degree of negligence is a jury question beyond review by this court, the effort of the lawmakers to provide for different degrees is an idle gesture. To avoid obliterating the prescribed lines that distinguish the degrees of negligence, this court must draw the lines of demarcation when the facts demand. Lines should not be drawn just for the sake of drawing lines, as has been suggested, but they should be drawn on the basis of reason, experience, conscience, and public policy. The facts alleged in this case do not allege gross negligence. They do not allege an illegal speed, nor do they allege facts which show loss of control by Fletcher even after the sudden slowing down without warning by the preceding vehicle. I think it is unreasonable to in effect charge Fletcher with the negligence of the preceding vehicle and of the approaching driver. The majority opinion lays great stress on the fact that Fletcher's car was out of control. I think the facts show he had his car under control before the sudden slowing down of the vehicle in front of him. Following a vehicle running 50 miles per hour at a distance of 55 feet for several miles cannot be termed gross negligence. If it can, the vehicle drivers of this State are in for a big surprise. The conclusion of the pleader that Fletcher's negligence was gross can have no greater weight than the pleaded facts upon which it is predicated. See cases cited in *Smith* v. *Hodges*, 144 *Ga. App.* 318 (161 S. E. 284). The majority opinion cites *West* v. *Rosenberg*, 44 *Ga. App.* 211, as authority for the proposition that "it may be gross negligence for one to hit a plainly visible lighted object in the road at night." I think the other circumstances in that case should be fully stated so that the ruling of the court may be perfectly clear. Headnote

2 in that case is as follows: "In the instant suit against the driver of an automobile by one riding therein as his invited guest, for damages on account of injuries sustained when the defendant drove the car into and against an obstruction placed in the center of a city street by the municipal authorities, consisting of an iron post set in a heavy concrete base, rising several feet above the ground, and supporting a traffic-signal light flashing red, where it was alleged that the defendant was driving on a rainy night at a speed exceeding thirty-five miles per hour, in violation of an ordinance of the city limiting the speed of automobiles to fifteen miles per hour, and while the windshield wiper was not working, to which his attention had been called by passengers in the car, and while it was impossible for him to keep a proper lookout for danger or see very well; that the defendant knew the location of the traffic-signal light, and that at the time he approached the obstruction the light toward the defendant showed red, and was observed by him; and that the defendant drove directly into the obstruction, which acts, it was alleged, constituted gross negligence, the petition set forth a cause of action good as against general demurrer."

The res ipsa loquitur rule is not applicable in gross-negligence cases. *Minkovitz v. Fine,* 67 *Ga. App.* 176 (19 S. E. 2d 561). I think this is one of those plain and palpable cases where this court can say that the allegations of the petition do not show that Fletcher was grossly negligent. I can concede that he could have been found guilty of ordinary negligence but, when it took an emergency initiated by the preceding vehicle, the gross negligence of the oncoming car, and Fletcher's sudden reaction to the emergency to cause the collision, I cannot see how it can be reasonably concluded by anybody, court or jury, that Fletcher, under such circumstances, was guilty of gross negligence.

GARDNER, P. J., dissenting. 1. I will deal with the contention that the cause of action of the plaintiffs against the defendant Hicks, who resides in a county other than the county in which the suit is brought, is dependent upon the plaintiffs maintaining their cause of action against the alleged joint tortfeasor, who is a resident of the county in which the suit is pending. See *Peake v. Stovall,* 50 *Ga. App.* 595 (179 S. E. 287). The defendant Hicks urges that his demurrer should have been sustained for want of

jurisdiction of Hicks, because the plaintiffs failed to allege gross negligence on the part of the defendant Fletcher. In support of this contention, see *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775). See also *Fowler* v. *Southern Airlines,* 192 *Ga.* 845 (16 S. E. 2d 897), and *Ryner* v. *Duke,* 205 *Ga.* 280 (3) (53 S. E. 2d 362).

As to the contention that the allegations of the petition as amended do not set out a cause of action against the defendant Fletcher for gross negligence, see Code § 105-203, which reads: "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence."

It is elementary that a petition must be construed most strongly against the pleader. In the instant case, the petition alleges that the defendant Fletcher was driving his automobile at a speed greater than 55 miles per hour; that such speed was in excess of the legal speed at the time and place, and that such speed was unlawful, dangerous, and reckless; that he followed another vehicle (a pick-up truck) too closely; and that the defendant Fletcher did not have his vehicle under control. It is contended by the defendant Hicks that such allegations may have indicated ordinary negligence, but were not gross negligence; that such allegations are not sufficient to allege "the want of that care which every man of common sense, howsoever inattentive he may be takes of his own property." In this connection I might call attention to *Peavy* v. *Peavy,* 36 *Ga. App.* 202. The violation of the speed limit fixed by law does not necessarily constitute gross negligence. To allege a cause of action based on gross negligence, something more must be alleged than mere violation of a traffic law. *Southern Railway* v. *Davis,* 132 *Ga.* 812, 817 (65 S. E. 131).

It must be noted that the plaintiffs base the allegation on the gross negligence of Fletcher and the ordinary negligence of Hicks. Paragraph 18 of the petition reads as follows:

"18. That the negligence of the said John C. Hicks and the gross negligence of the said J. Emmett Fletcher together constitute the sole and proximate cause of such collision, your petitioner being without fault."

Construing the petition most strongly against the plaintiffs, they are bound by the allegations of negligence as set out in the petition. The petition in the instant case does not allege any such circumstances as would make a violation of the legal speed limit, or following another vehicle too closely, gross negligence. The petition alleges that the road was straight for one mile, that the road was 18 feet wide with a 4-foot shoulder on each side on which one could drive. In this connection we are mindful of the general rule that questions of negligence are generally for the determination of a jury. It is equally as well settled that in plain and indisputable cases the court should decide questions of negligence as a matter of law. See *McClure* v. *Union Lumber Co.*, 89 *Ga. App.* 424 (79 S. E. 2d 412).

■ I come next to consider whether or not the petition is sufficient to show that the negligence of the defendant Hicks was the proximate cause or contributed to the proximate cause of the alleged injuries. It will be observed that the allegations of negligence charged to Hicks are set forth in paragraph 17 of the petition. That paragraph charges that the defendant Hicks was driving at a fast, reckless, and unlawful rate of speed; that he failed to dim his lights, although he was signaled to do so; that he failed to drive to the right of the defendant Fletcher's car; and that he ran into Fletcher's automobile. The petition does not allege that the defendant Fletcher was blinded by the failure of Hicks to dim lights, nor does it allege that such failure in any way was a contributing cause of the collision. It is not claimed that the negligence of the defendant Hicks had anything to do with the collision. It is true that the petition alleges that Hicks was negligent in running his automobile into the automobile of the defendant Fletcher. In my opinion the allegations are mere conclusions of the pleader, not supported by the facts alleged in the petition. See *Peavy* v. *Peavy*, supra, and *Lee* v. *City of Atlanta*, 197 *Ga.* 518 (29 S. E. 2d 774). The only acts of negligence alleged in the amended petition against the defendant Hicks are excessive speed and failure to turn to the right of the highway. It is the law that, in order to make one liable for injury to another, such negligence alleged must be the proximate cause or must contribute to the proximate cause of the injuries or damages. See *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d

776). Proximate cause has been defined as the immediate, direct, and efficient cause of the accident. *Atlanta Gas Light Co.* v. *Mills,* 78 *Ga. App.* 690 (51 S. E. 2d 705). It is alleged in the petition that the defendant Fletcher was driving in excess of 55 miles per hour and following within 55 feet of a pick-up truck, which was traveling about 50 miles per hour; that the pick-up truck stopped without warning; and that Fletcher drove his automobile northward across the center line of the highway for about 10 feet and stopped about 3 feet over the center line. Thus it will be observed that the petition shows that the defendant Fletcher drove his automobile across the center and stopped on the wrong side of the road, and further shows that Fletcher was aware of approaching traffic. The negligence of the defendant Fletcher in so stopping his vehicle on the wrong side of the road was the sole proximate cause of the plaintiffs' injuries.

In my opinion the case at bar is strongly similar to *Pfeifer* v. *Yellow Cab Co.,* 88 *Ga. App.* 221 (76 S. E. 2d 225). See also *Hayes* v. *Simpson,* 83 *Ga. App.* 22 (62 S. E. 2d 441), and *Hayes* v. *Trewhitt,* 83 *Ga. App.* 27 (62 S. E. 2d 445). I call attention in this connection to *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643) rendered prior to the case next hereinabove cited. In the latter case the petition alleged that the railroad was negligent, in (1) maintaining a blinding arc light over a crossing, (2) illegally obstructing traffic, and (3) failing to have a watchman or an electric bell at the crossing. The defendant in that case filed a general demurrer, which was sustained. This court held: "While it is true, as shown by the petition, that the plaintiff was a guest of the operator of the automobile which collided with the defendant's train, and, therefore, that any negligence of the operator of the automobile is not imputable to the plaintiff, it is our judgment that the plaintiff is not entitled to recover, because the allegations of his petition show as a matter of law that his injuries were occasioned *solely* by the negligence or want of ordinary care of the driver of the automobile in driving his machine upon the crossing when he could not see what was upon the crossing; and that the acts of negligence alleged against the defendant did not contribute to, or concur with the negligence of the driver in bringing about the plaintiff's injuries."

In conclusion, I call attention to the following cases: *Central*

of *Ga. Ry. Co.* v. *Adams,* 39 *Ga. App.* 577; *Tidwell* v. *Atlanta, B. & C. R.,* 42 *Ga. App.* 744; *Carroll* v. *Georgia Power Co.,* 47 *Ga. App.* 518; *Hallman* v. *Powell,* 60 *Ga. App.* 339; and *Evans* v. *Georgia Northern R. Co.,* 78 *Ga. App.* 709. I think those cases are conclusive to the effect that the acts of the defendant Hicks, under the allegations of the petition as to negligence, were not the proximate cause of, nor did they contribute to the proximate cause of, the alleged injuries of the plaintiff.

The petition as amended negatives by its allegations that the negligence of the defendant Hicks was the proximate cause of the alleged injuries or contributed thereto. To the contrary, the allegations of the petition, well pleaded, show that the alleged injury was caused solely by the alleged negligence of the defendant Fletcher.

I think that the court erred in overruling the demurrer to the petition as against the defendant Hicks and the defendant Fletcher.